J4U8CORC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                              19 Cr. 144 (AKH)

5  VICTOR MONES CORO, et al.,

6            Defendant.

7  ------------------------------x
                                         New York, N.Y.
8                                        April 30, 2019
                                         2:30 p.m.
9
   Before:
10
                   HON. ALVIN K. HELLERSTEIN,
11
                                         District Judge
12
                          APPEARANCES
13
   GEOFFREY S. BERMAN
14      United States Attorney for the
        Southern District of New York
15 EMIL BOVE
        Assistant United States Attorney
16
   SELENDY & GAY PLLC
17      Attorneys for Defendant Coro
   CHRISTINE H. CHUNG
18
   FRANK J. GAVIRIA
19      Attorney for Defendant Maal

20 FEDERAL DEFENDERS OF NEW YORK
        Attorneys for Defendant Quintero
21 BY:  ANNALISA MIRON
        SABRINA P. SHROFF
22

23 Also present:  PAULA GOLD, Interpreter (Spanish)

24

25

J4U8CORC

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your

3     appearances for the record.

4          MR. BOVE:  Good afternoon, your Honor.  Emil Bove for

5     the government.

6          THE COURT:  Good afternoon, Mr. Bove.

7          MR. GAVIRIA:  Good afternoon.  Frank Gaviria on behalf

8     of Miguel Leon Maal.

9          THE COURT:  I missed your name.

10         MR. GAVIRIA:  Frank Gaviria.

11         THE COURT:  Defendant Victor Mones Coro is not here.

12     Is that correct?

13         MS. CHUNG:  Your Honor, I am Christine Chung.  I

14     represent Mr. Victor Mones Coro, and he has not arrived in the

15     district yet.

16         THE COURT:  Where is he being brought from?

17         MS. CHUNG:  Florida, your Honor.  And he was arrested

18     on March 8, 2019.  So it's been almost two months.

19         THE COURT:  Michols Orsini Quintero.

20         MS. MIRON:  Good afternoon.  Federal Defenders, by

21     Annalisa Miron and Sabrina Shroff, on behalf of Mr. Quintero.

22         THE COURT:  Mr. Quintero is here.

23         MS. MIRON:  Yes, your Honor.

24         THE COURT:  Alejandro Miguel Leon Maal.

25         MR. GAVIRIA:  Good afternoon, your Honor.  Frank

J4U8CORC

1    Gaviria on behalf of Mr. Maal.  He is present.

2              THE COURT:  Thank you.

3              So those are all the defendants who are here.

4              Tell me about the absent ones and what this should

5    mean for the case.

6              MR. BOVE:  Thank you, Judge.

7              Taking first the defendants on the S4 superseding

8    indictment.  Tarek El Aissami Maddah is believed to be in

9    Venezuela.  We don't expect that he will be here any time soon.

10   We are not seeking his extradition.  He is a former Venezuelan

11   official.

12             THE COURT:  You are not seeking his extradition?

13             MR. BOVE:  Venezuela does not extradite its citizens.

14   It would be a lost cause.

15             For the time being, the same is true of Samark Lopez

16   Bello.  We believe he is in Venezuela and unarrestable.  We

17   will certainly update the Court if that changes.

18             THE COURT:  So the case will go ahead against Mr. Coro

19   and Mr. Maal.

20             MR. BOVE:  It should, Judge, we believe.

21             THE COURT:  Mr. Quintero is not in.  That's four.

22             MR. BOVE:  He is charged in the S3 superseding

23   indictment.

24             THE COURT:  I have never had a situation where we have

25   one case with two indictments.

J4U8CORC

1          MR. BOVE:  The office does that from time to time,

2    Judge, when it's unclear what the sequence of the arrests will

3    be and whether one defendant might be arrested a little bit

4    earlier, so that unsealing the entire document would lead

5    others not to travel.  That was the case here.

6          THE COURT:  But at this point shouldn't there be a

7    consolidating superseder?

8          MR. BOVE:  There should, Judge, and we are prepared to

9    do that.  There is a fourth defendant in the case.  Alejandro

10   Antonio Quintavalle Yrady, who is also outside the United

11   States.  We think there is a better chance that he will be

12   arrested and extradited.  And so we paused on consolidating for

13   the time being.

14         THE COURT:  I think you should consolidate what you

15   have, and then if you need to consolidate it again, you will

16   consolidate it again.

17          MR. BOVE:  Very well.

18          THE COURT:  When will you do it by?

19          MR. BOVE:  If I can do --

20          THE COURT:  You want to postpone till July 25.

21          MR. BOVE:  Yes, please.

22          THE COURT:  So before July 25 we will do it.

23          MR. BOVE:  Certainly.

24          THE COURT:  We can arraign at the July 25 conference.

25          What production will you be making, Mr. Bove?

1          MR. BOVE:  The discovery in the case consists of

2   recordings that were made consensually with people acting at

3   the direction of the government.

4          THE COURT:  In Spanish.

5          MR. BOVE:  Yes, almost exclusively.  There are right

6   now draft summary translations of the consensual recordings.

7          THE COURT:  You should turn over your translations,

8   reserving the right to make corrections later on.

9          MR. BOVE:  We intend to do that.

10         The other categories --

11         THE COURT:  Defendants, you are going to get these

12   earlier, but they may change with corrections.

13         MR. BOVE:  The other categories of discovery are a

14   large volume of e-mail data from search warrants; they are the

15   results of searches of physical premises in Florida, two

16   offices.  Those results include hard copy documents, some of

17   which are in Spanish, as well as entire computers that were

18   taken out of these offices.  There were also devices seized.

19         THE COURT:  There is a large volume of items.

20         MR. BOVE:  There is, Judge.  We have requested right

21   now a two terabyte hard drive from each defendant in order to

22   make a full production available.

23         THE COURT:  Defendant, it creates a burden for you to

24   get up to speed.  You might want to think of a cooperative

25   endeavor in order to make your inspections more efficient.

J4U8CORC

1          Ms. Chung and Mr. Gaviria, are you OK with that, a

2    cooperative endeavor to go through the discovery?

3          MR. GAVIRIA:  Yes, your Honor.

4          THE COURT:  You should work it out.

5          Ms. Chung, are you OK?

6          MS. CHUNG:  We certainly will explore ways to do that.

7          THE COURT:  Ms. Miron, that's satisfactory to you and

8    Ms. Shroff?

9          MS. MIRON:  Your Honor, you're raising the possibility

10   of sharing review responsibilities?

11         THE COURT:  Yes.

12         MS. MIRON:  We are going to talk amongst ourselves and

13   see how we can work that out, your Honor.

14         THE COURT:  All right.  Otherwise it's the duplication

15   of expense.

16         MS. MIRON:  I understand the Court's concern.

17         THE COURT:  What do you expect to happen by the 25th

18   of July?

19         MR. BOVE:  I think at that point, Judge, we will

20   hopefully have completed discovery.  There is an issue with the

21   protective order that I would like to raise at some point.

22         THE COURT:  Raise it now.

23         MR. BOVE:  The discovery in this case, because it

24   includes both communications with people who acted at the

25   direction of the government, as well as documents that relate

J4U8CORC

1    to that, including search warrant affidavits that describe that

2    assistance, there is very serious safety issues, and it's not

3    like many of the other cases in the district.

4                THE COURT:  Can you redact?

5                MR. BOVE:  We cannot redact in a way that would

6    protect the identity of these individuals.

7                The concern here, Judge, is the top defendant is the

8    former vice president of Venezuela.  This is a nation, it's

9    publicly known, that is engaged in all manner of human rights

10   abuses.

11               THE COURT:  I am aware.  What is your suggestion?

12               MR. BOVE:  Right now we are in the process of

13   negotiating a protective order that we think would provide

14   adequate safety to the sources and also be mindful of the

15   defendants' rights here.  What I would ask is that you allow

16   the parties another week to try and come to an agreement on

17   that, and if we fail to do that, we would file a motion with

18   the Court for the relief that we think is appropriate in order

19   to balance these concerns, the safety of the sources and the

20   defendants' discovery rights.

21               THE COURT:  Rather than a motion, which hardens

22   decisions, if you're not in agreement, in about a week or so

23   get in touch with Ms. Jones and we will schedule a conference.

24               MR. BOVE:  Yes, Judge.

25               THE COURT:  Defense, is that satisfactory?

J4U8CORC

1        MS. SHROFF:  Yes, your Honor.

2        MR. GAVIRIA:  Yes, your Honor.

3        THE COURT:  Is there anything else?

4        MR. BOVE:  So getting back to your question, Judge,

5    about --

6        THE COURT:  July 25 I will not expect the defendants

7    to declare their motions.  I don't think you will be ready at

8    that time.

9        MS. SHROFF:  Your Honor, would your Honor consider a

10   slightly later date?

11       THE COURT:  Speak to me in your normal loud voice.

12       MS. SHROFF:  Your Honor, could you consider just a

13   week later?  My son is playing soccer in the Maccabi Games and

14   I won't be back, I don't think, by the 25th.  It would really

15   help me out.

16       THE COURT:  Anything to help you out.

17       Ms. Jones, can we help out Ms. Shroff?

18       MS. SHROFF:  Would early August work?

19       (Pause)

20       THE COURT:  We will leave it at the 25th.  The

21   adjournment is to July 25 at 11:00.

22       Mr. Bove, do you move to exclude?

23       MR. BOVE:  Yes.

24       THE COURT:  Because?

25       MR. BOVE:  I move to exclude time pursuant to the

1    Speedy Trial Act in the interests of justice to allow the

2    defendants time to review discovery and to contemplate the

3    filing of pretrial motions.

4              THE COURT:  Without objection?

5              MS. MIRON:  No objection.

6              MR. GAVIRIA:  No objection.

7              THE COURT:  So ordered.

8              Ms. Chung.

9              MS. CHUNG:  Your Honor, I just wanted to raise, if we

10   are not going to reconvene again until July, I have been

11   conferring with the government about the delay in my client

12   arriving in this district, and I think we are still trying to

13   investigate what the cause is because it's been nearly two

14   months since he was arrested.

15             THE COURT:  What can I do?

16             MS. CHUNG:  If we can figure out what the glitch is

17   and fix it, then I think it's fine.  If we can't work it out

18   and for some reason he just doesn't arrive, I would anticipate

19   making some kind of application to the Court.

20             THE COURT:  Any time you want to, Ms. Chung, it will

21   be OK.

22             Can the marshals offer any help on this?

23             MARSHAL:  I can't right now, Judge.  I can find out

24   once we go back downstairs.

25             THE COURT:  Would you try to do that and be in touch

J4U8CORC

1    with Mr. Bove?

2            MARSHAL:  OK, Judge.

3            THE COURT:  Thank you.

4            MS. CHUNG:  In case it's useful, your Honor, I know

5    the facility at which my client is being detained, and

6    apparently the marshals have been removing people from that

7    facility and bringing them to New York.

8            THE COURT:  The marshals are under very serious

9    budgetary constraints, and I think that might explain what

10   happens here.

11           MS. CHUNG:  We appreciate all the help, your Honor.

12           THE COURT:  We have got to move this gentleman because

13   it affects the progress of the others as well.  See what you

14   can do, tell your authorities what my feelings are, and maybe

15   we can get this gentleman here.

16           Anything else?

17           MR. BOVE:  No, your Honor.  Thank you.

18           MS. MIRON:  No.  Thank you.

19           MS. SHROFF:  Thank you, your Honor.

20           (Adjourned)

21

22

23

24

25