JBQ3CORP                     Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          19 CR 144 (AKH)

5    VICTOR MONES CORO,

6               Defendant.

7    ------------------------------x

8                                      New York, N.Y.
                                       November 26, 2019
9                                      10:45 a.m.

10

     Before:
11
                     HON. ROBERT W. LEHRBURGER,
12
                                       Magistrate Judge
13

14                        APPEARANCES

15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     SAM ADELSBERG
17        Assistant United States Attorney

18   SELENDY & GAY PLLC
          Attorneys for Defendant
19   CHRISTINE H. CHUNG
     JORDAN L. WEATHERWAX
20

21   ALSO PRESENT:  Francisco Oliver, Spanish Interpreter

22

23

24

25

1          THE DEPUTY CLERK:  We are here in the matter for a

2     felony plea, United States of America v. Victor Mones Coro, 19

3     CR 144.

4          Attorneys, please state your name for the record,

5     starting with the government.

6          MR. ADELSBERG:  Good morning, your Honor.  Sam

7     Adelsberg on behalf of the United States.  I'm joined at

8     counsel's table by Timothy McCann and Will Clark, who run

9     security investigations.

10         MS. CHUNG:  Good morning.  Christine Chung from

11    Selendy & Gay.  I'm here today with Victor Mones Coro, and also

12    at counsel table, Mr. Jordan Weatherwax.

13         THE COURT:  Mr. Coro, I see that you are using the

14    services of an interpreter.  Can you hear and understand what

15    the interpreter is saying?

16         THE DEFENDANT:  Yes.  Yes, your Honor.

17         MS. CHUNG:  If I might, his last name is Mones,

18    actually.  It is Mones Coro.

19         THE COURT:  Okay, Mr. Mones.  So I understand we're

20    here today because you wish to enter a plea with respect to

21    Count One of the indictment that has been filed against you.

22    How do you intend to plead today?

23         THE DEFENDANT:  To plead guilty.

24         THE COURT:  All right.  So, to do this, first I'm

25    going to have my deputy put you under oath, because I need to

JBQ3CORP                       Plea

1    ask you a number of questions to assure myself that you are

2    giving your plea voluntarily and knowingly.  And I just need to

3    warn you that, because you will be under oath, if you give

4    false information, you could be prosecuted for the additional

5    crime of perjury, which carries its own penalties.  So just

6    make sure that you are answering the questions truthfully.

7             Do you understand?

8             THE DEFENDANT:  I understand.

9             THE COURT:  All right.  Deputy, will you please swear

10   in the defendant.

11            MS. CHUNG:  Your Honor, do you prefer that he stand?

12            THE COURT:  No.

13            (Defendant sworn)

14            THE COURT:  You may put down your hand.

15            All right.  First, some paperwork.  I have before me a

16   document titled "Consent to Proceed Before a United States

17   Magistrate Judge On a Felony Plea Allocution."  It appears to

18   have your signature.  This form says that you know you have the

19   right to have your plea taken by a United States district

20   judge, but you are agreeing to have your plea taken by a United

21   States magistrate judge such as myself.  As a magistrate judge,

22   I have the authority to take your plea with your consent.

23   You'll be entitled to all the same rights and protections as if

24   you were before a district judge.  It will be the district

25   judge who actually sentences you.

JBQ3CORP                      Plea

1            Did you in fact sign the consent to proceed before a

2    United States magistrate judge?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Did you do so voluntarily?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Before you signed the form, did your

7    lawyer explain it to you?

8            THE DEFENDANT:  Correct.

9            THE COURT:  Do you in fact wish to proceed with your

10   plea before a United States magistrate judge?

11           THE DEFENDANT:  Accept.

12           THE COURT:  I've approved that.  And now I want to ask

13   you some questions to make sure that you are competent and

14   fully able to give a knowing and voluntary plea.

15           So first, what is your full name?

16           THE DEFENDANT:  Victor Mones Coro.

17           THE COURT:  How old are you?

18           THE DEFENDANT:  51 years old.

19           THE COURT:  Can you read and write in your native

20   language, which appears to be Spanish?

21           THE DEFENDANT:  Correct.

22           THE COURT:  How far did you go in school?

23           THE DEFENDANT:  Two years of university, civil

24   engineering and as a commercial pilot.

25           THE COURT:  Thank you.  Are you currently or have you

JBQ3CORP                        Plea

1    recently been under the care of a psychiatrist, psychologist or

2    other mental health care provider for any reason?

3              THE DEFENDANT:  No.

4              THE COURT:  Have you ever been hospitalized for a

5    mental illness, alcoholism or drug addiction?

6              THE DEFENDANT:  No.

7              THE COURT:  Do you have any condition that affects

8    your ability to see or to hear?

9              THE DEFENDANT:  No.

10             THE COURT:  Do you have any condition that affects

11   your ability to think or to understand or to make judgments or

12   decisions on your own behalf?

13             THE DEFENDANT:  No.

14             THE COURT:  As you sit here today, are you under the

15   influence of any mind-altering drug or alcohol?

16             THE DEFENDANT:  No.

17             THE COURT:  Do you feel all right today?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Is your mind clear?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Do you understand what is happening in

22   this proceeding?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Have you seen a copy of the indictment

25   that contains the charges against you?

JBQ3CORP                    Plea

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Has someone translated it for you?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand what it says you did?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Have you had enough time to speak with

7    your attorney about your case and how you wish to plead?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Has your attorney explained to you the

10   consequences of pleading guilty?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Are you satisfied with your attorney's

13   representation of you?

14             THE DEFENDANT:  Yes, yes, your Honor.

15             THE COURT:  Good.  Does either counsel have any

16   objections or concerns regarding the defendant's competence to

17   plead at this time?

18             Government?

19             MR. ADELSBERG:  No, your Honor.

20             THE COURT:  Defendant?

21             MS. CHUNG:  No, your Honor.

22             THE COURT:  All right.  Now I am going to explain to

23   you some of the rights that you will be waiving or giving up by

24   pleading guilty, so please listen carefully, and if you don't

25   understand, let me know.

1          Under the Constitution and the laws of the United

2     States, you have a right to plead not guilty to the charges

3     contained in the indictment.

4          Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  If you plead not guilty, you would be

7     entitled under the Constitution to a speedy and public trial by

8     a jury on those charges.  At that trial, you would be presumed

9     innocent, and the government would be required to prove that

10    you were guilty beyond a reasonable doubt before you could be

11    found guilty.  You could not be convicted unless a jury of 12

12    people agreed unanimously that you were guilty beyond a

13    reasonable doubt.

14         Do you understand?

15         THE DEFENDANT:  I understand.

16         THE COURT:  If you decided to go to trial, at that

17    trial and every stage of your case, you would have the right to

18    be represented by an attorney.  If you could not afford one, an

19    attorney would be appointed to represent you at the

20    government's expense.  Even if you retained private defense

21    counsel, if you ran out of money, an attorney would be

22    appointed to continue to represent you, so you would be

23    entitled to an attorney all the way through trial, not just for

24    a guilty plea.  Your decision to plead guilty should therefore

25    not depend on whether you can afford to hire an attorney.

1          Do you understand?

2          THE DEFENDANT:  I understand, yes.

3          THE COURT:  During a trial, the witnesses for the

4     prosecution would have to come to court and testify in your

5     presence where you could see and hear them.  Your lawyer could

6     cross-examine those witnesses.  If you wanted, your lawyer

7     could offer evidence on your behalf.  You would be able to use

8     the court's power to compel witnesses to come to court to

9     testify in your defense even if they did not want to.

10          Do you understand?

11          THE DEFENDANT:  I understand.

12          THE COURT:  At a trial you would have the right to

13    testify in your own defense if you wanted to, but you'd also

14    have the right not to testify.  And if you chose not to

15    testify, that could not be used against you in any way.  No

16    inference or suggestion of guilt would be permitted from the

17    fact that you did not testify.

18          Do you understand?

19          THE DEFENDANT:  I understand that, sir.

20          THE COURT:  If you were convicted at trial, you would

21    have the right to appeal that verdict to a higher court.  Do

22    you understand that?

23          THE DEFENDANT:  I understand.

24          THE COURT:  As I said before, you have the right to

25    plead not guilty, even now you have the right to continue to

JBQ3CORP                    Plea

1   plead not guilty and go to trial.  But if you do plead guilty,

2   and I accept your plea, you'll be giving up the rights that

3   I've described.  If you plead guilty, there will be no more

4   trial.  All that will remain to be done will be to impose a

5   sentence.  You and the government will have a chance to make

6   arguments about what sentence you should get, but there will

7   not be any further trial to determine whether you are guilty or

8   not guilty of the charges to which you pled guilty.

9            Do you understand?

10           THE DEFENDANT:  I understand.

11           THE COURT:  Finally, if you do plead guilty, you are

12  also giving up the right not to incriminate yourself, and I

13  will ask you questions about what you did in order to satisfy

14  myself that you are actually guilty.  By pleading guilty you

15  will be admitting your factual as well as legal guilt.

16           Do you understand that?

17           THE DEFENDANT:  I understand.

18           THE COURT:  So, I am now going to review with you the

19  charges against you and the consequences of pleading guilty to

20  them.

21           So Count One charges you with conspiracy to violate

22  and evade the Foreign Narcotics Kingpin Designation Act and the

23  Kingpin Act regulations as an officer of an entity that

24  participated in the violations in connection with a scheme to

25  help Tareck Zaidan El --

JBQ3CORP                    Plea

1      THE INTERPRETER:  Your Honor, the interpreter needs

2 something in the last sentence?

3      THE COURT:  Scheme to help -- and now I'm reciting a

4 name, an individual named Tareck Zaidan El Aissami Maddah, and

5 an individual named Samark Jose Lopez Bello, violate and evade

6 sanctions imposed by the U.S. Department of the Treasury's

7 Office of Foreign Assets Control, in violation of Title 21,

8 U.S. Code, Sections 1904(c)(1) and (2), and 1906(a)(1) and (2),

9 Title 18, U.S. Code, Section 3228, and Title 31, Code of

10 Federal Regulations, Sections 598.203(a), 598.204, and 598.406.

11      Your plea agreement, which we will get to shortly,

12 will have various provisions that I will go over with you in

13 terms of various penalties, but first I'm going to ask the

14 government to recite the elements of the charges to which the

15 defendant will be pleading guilty.

16      MR. ADELSBERG:  Thank you, your Honor.  First, that

17 defendant -- two or more persons agreed to join a conspiracy to

18 commit a crime.  Second, that the defendant willfully became a

19 member of that charged conspiracy.  Here, the defendant

20 conspired to violate and evade the Foreign Narcotics Kingpin

21 Designation Act and the Kingpin Act regulations as an officer

22 of an entity that participated in the violations in connection

23 with the scheme to help two designated individuals -- Tareck

24 Zaidan El Aissami Maddah and Samark Jose Lopez Bello -- to help

25 these individuals violate and evade sanctions imposed by the

JBQ3CORP                    Plea

1   U.S. Department of Treasury's Office of Foreign Assets Control,

2   in violation of Title 21, United States Code, Sections

3   1904(c)(1) and (2), and 1906(a)(1) and (2), Title 18, United

4   States Code, Sections 3238, and Title 31, Code of Federal

5   Regulations, Sections 598.203(a), 598.204, and 598.406.

6          The government must also establish by a preponderance

7   of the evidence that at least some portion of the criminal

8   conduct occurred within the Southern District of New York.

9          THE COURT:  Mr. Mones Coro, how do you intend to plead

10  to Count One of the indictment?

11         THE DEFENDANT:  I plead guilty.

12         THE COURT:  So, with respect to the offense to which

13  you are pleading, I want you to understand the maximum possible

14  penalty that the Court may impose.  The maximum means the most

15  that could possibly be imposed.  It does not mean that it is

16  necessarily what you would receive.  But by pleading guilty,

17  you are exposing yourself to the possibility of receiving any

18  combination of punishments up to the maximum I'm about to

19  describe.  Do you understand that?

20         THE DEFENDANT:  I understand.

21         THE COURT:  So, the maximum term of imprisonment for

22  pleading guilty to Count One of the indictment is 30 years'

23  imprisonment.  In addition, the maximum term of supervised

24  release is five years.

25         Supervised release means that after you are released

JBQ3CORP                    Plea

1   from prison, you may be subject to supervision by the probation

2   department.  If you are placed on supervised release and

3   thereafter violate any condition of the supervised release, the

4   district judge can revoke the term of supervised release

5   previously imposed, and return you to prison without giving you

6   any credit for time previously served on post-release

7   supervision.

8          In addition to these restrictions on your liberty,

9   there are financial penalties.  The maximum allowable fine is

10  $5 million, and in addition there is a special assessment of

11  $100.

12         Let me ask the government, is there any restitution or

13  forfeiture associated with this offense?

14         MR. ADELSBERG:  No, your Honor.

15         THE COURT:  Additionally, if you are not a citizen of

16  the United States, then your guilty plea may also have adverse

17  consequences for your ability to remain in or return to the

18  United States, including removal, deportation, denial of

19  citizenship, and denial of admission to the United States in

20  the future.  If that does happen, you'll still be bound by your

21  guilty plea, that is, you will not be able to withdraw it,

22  regardless of any advice you've received from your counsel or

23  others regarding the immigration consequences of your plea.  Do

24  you understand that?

25         THE DEFENDANT:  I understand.

JBQ3CORP                    Plea

1          THE COURT:  Do you understand the charges against you

2     and the consequences of pleading guilty?

3          THE DEFENDANT:  I understand.

4          THE COURT:  So, now we are going to turn to the plea

5     agreement itself.  And let me ask you, did you sign this plea

6     agreement?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you read the agreement before you

9     signed it or has it been translated for you?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Did you discuss it with your attorney

12     before you signed it?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Did your attorney explain to you all of

15     its terms and conditions?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you in fact understand those terms and

18     conditions?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  The letter says that you and the

21     government have reached agreement regarding the appropriate

22     calculation of your sentence under a part of our law known as

23     the sentencing guidelines, and that the appropriate guidelines

24     sentencing range is 70 to 87 months' imprisonment.

25          Do you understand that?

JBQ3CORP                    Plea

1          THE DEFENDANT:  I understand.

2          THE COURT:  Under this agreement, neither you nor the

3    government is allowed to argue to the sentencing judge for a

4    calculation that is different than the one in this agreement.

5    However, the sentencing judge is not bound by the calculation

6    in the letter, and he or she will be free to do their own

7    calculation, which may result in a sentencing range that

8    differs from the one in this letter.

9          Do you understand that?

10         THE DEFENDANT:  I understand.

11         THE COURT:  Do you understand that the sentencing

12   range is just one of many factors the judge will consider in

13   determining your sentence, and that the judge has discretion to

14   give you a prison sentence below or above the range, anywhere

15   up to the maximum I told you about earlier?

16         THE DEFENDANT:  I understand.

17         THE COURT:  Do you understand that as long as this

18   sentencing judge sentences you to a prison term of no longer

19   than 87 months, you are giving up your right to challenge this

20   sentence, whether by direct appeal, writ of habeas corpus or

21   otherwise?

22         THE DEFENDANT:  I understand.

23         THE COURT:  The sentencing guidelines range agreed

24   upon with respect to a financial fine is $25,000 to $5 million.

25   So you understand by pleading guilty, you also will not be able

JBQ3CORP                      Plea

1     to appeal any fine of up to $5 million?

2                THE DEFENDANT:  I understand.

3                THE COURT:  Do you understand that by pleading guilty,

4     you also will not be able to appeal any lawful sentence of

5     supervised release, in this case of up to five years?

6                THE DEFENDANT:  I understand.

7                THE COURT:  Do you understand that under the terms of

8     this plea agreement, even if you later learned that the

9     government withheld from your counsel certain information that

10    would have been helpful to you in defending yourself at trial,

11    you will not be able to complain about that or withdraw your

12    guilty plea on that basis?

13               THE DEFENDANT:  I understand.

14               THE COURT:  All right.  Is there any other provision

15    of the agreement that counsel would like me to review with the

16    defendant?

17               Government?

18               MR. ADELSBERG:  No, your Honor.

19               THE COURT:  Defense?

20               MS. CHUNG:  No, your Honor.

21               THE COURT:  Apart from what is contained in the plea

22    agreement, have any promises been made to you in order to get

23    you to plead guilty?

24               THE DEFENDANT:  No, none.

25               THE COURT:  Has anyone threatened, forced or coerced

JBQ3CORP                        Plea

1   you in any way, either directly or indirectly, to get you to

2   plead guilty?

3            THE DEFENDANT:  No.

4            THE COURT:  So now that you've been advised of the

5   charges against you, the possible penalties you face, and the

6   rights you are giving up, is it still your intention to plead

7   guilty to Count One of the indictment?

8            THE DEFENDANT:  Guilty.

9            THE COURT:  Is your plea voluntary and made of your

10  own free will?

11           THE DEFENDANT:  Completely.

12           THE COURT:  Mr. Mones Coro, with respect to Count One

13  of the indictment, how do you plead, guilty or not guilty?

14           THE DEFENDANT:  Guilty.

15           THE COURT:  Now can you please tell me in your own

16  words what you did that makes you guilty of the crimes charged

17  in Count One of the indictment.

18           THE DEFENDANT:  Is it okay if I read it?

19           THE COURT:  Yes.  Absolutely.

20           THE DEFENDANT:  From February of 2017 to March 2019,

21  while an officer of ACS, a Florida-based company, I agreed with

22  other people that I and ACS would continue to arrange private

23  air charter passenger services for my co-defendants Samark

24  Lopez Bello and Tareck Zaidan El Assaimi, even after OFAC

25  placed my co-defendants on its sanctions list.

JBQ3CORP                    Plea

1          I understood when I made this agreement and continued

2     to arrange private air charter passenger services for my

3     co-defendants that it was against the law to do so, without

4     license from OFAC.  I did not have such a license.

5          THE COURT:  Thank you.  I may have not heard it and

6     you may have said it.  But what part of your conduct was

7     associated with New York or the Southern District of New York?

8          MS. CHUNG:  Your Honor, if I may.  I've discussed this

9     matter with my client, and we are waiving venue.

10          THE COURT:  Okay.  Is that acceptable to the

11     government?

12          MR. ADELSBERG:  It is.  The government would like to,

13     if the Court so allows, to proffer a basis for venue.

14          THE COURT:  Before you do, let me just ask, are there

15     any other additional questions you'd like me to ask the

16     defendant?

17          MR. ADELSBERG:  No, your Honor.  I think his

18     allocution was sufficient to meet the elements of the statute.

19          THE COURT:  Do you believe there is a sufficient

20     factual predicate for a guilty plea?

21          MR. ADELSBERG:  Yes, your Honor.

22          THE COURT:  Does the government represent that it has

23     sufficient evidence to establish guilt beyond a reasonable

24     doubt?

25          MR. ADELSBERG:  Yes, your Honor.

JBQ3CORP                    Plea

1          THE COURT:  At this time would you like to make your

2     proffer.

3          MR. ADELSBERG:  Yes, your Honor.  Were this case to

4     proceed to trial, the government would show beyond a reasonable

5     doubt that from in or about 2017, until in or about March 2019,

6     in the Southern District of New York, Venezuela, Turkey,

7     Russia, and the Dominican Republic, among other places, the

8     defendant agreed with others to conspire to violate and evade

9     the Foreign Narcotics Kingpin Designation Act and Kingpin Act

10    regulations.

11         At trial the government would produce the following

12    types of evidence:  Records showing on February 13, 2017, OFAC

13    designated El Aissami and Lopez Bello as specially designated

14    narcotics traffickers, recordings of consensually recorded

15    calls between the defendant and a confidential source or CS

16    would show the defendant conspired to provide travel services

17    to El Aissami and Lopez Bello, documents and business records

18    showing the nature of the conspiracy to violate and evade the

19    Foreign Narcotics Kingpin Designation Act and the Kingpin Act

20    regulations, law enforcement testimony regarding surveillance

21    and search warrant executions relating to the defendant and his

22    co-defendants.

23         And all this would establish that Mones, the

24    defendant, is a Venezuelan born naturalized U.S. citizen who

25    operated the Florida charter services company named American

JBQ3CORP                    Plea

1    Charter Services LLC, and that Mones used American Charter to

2    provide travel services, including private jet charters, to El

3    Aissami and Lopez Bello as well as their relatives and

4    associates.  El Aissami and Lopez paid for these services at

5    times through intermediaries who delivered bulk cash in

6    Venezuela.

7            As to venue, on January 11, 2018, the CS, the

8    confidential source mentioned earlier, traveled to Manhattan to

9    participate in recorded calls with Mones, the defendant, during

10   which the CS informed Mones of his whereabouts.  During the

11   call, the defendant and the confidential source raised the

12   issue of debt for prior charters owed by Lopez Bello, and they

13   discussed other aspects of the transportation services provided

14   by the defendant to Lopez Bello.

15           In addition, on February 14, the defendant used an

16   American Charter account to transfer $30,000 to the

17   confidential source's account to pay expenses for flights by El

18   Aissami and Lopez Bello.  And on September 6, 2018, Mones used

19   an American Charter account again to transfer $30,000 to this

20   confidential source to be used for expenses involving flights

21   for Lopez Bello and his associates.

22           THE COURT:  Thank you.  Let me ask defense counsel,

23   are there any additional questions you would like me to ask the

24   defendant?

25           MS. CHUNG:  No, thank you, your Honor.

JBQ3CORP                    Plea

1      THE COURT:  Do you believe there is a sufficient

2   factual predicate for a guilty plea?

3      MS. CHUNG:  I do, your Honor.

4      THE COURT:  Do you know of any defense that would

5   prevail at trial or other reason why your client should not be

6   permitted to plead guilty?

7      MS. CHUNG:  No, your Honor.

8      THE COURT:  Mr. Mones Coro, on the basis of your

9   responses to my questions and my observations of your demeanor,

10   I find that you are competent to enter an informed guilty plea,

11   and that there is a factual basis for it.  I am satisfied that

12   you understand your rights, that you are aware of the

13   consequences of your plea, including the sentence that may be

14   imposed, that you are voluntarily pleading guilty, and that you

15   have admitted your guilty as charged in Count One of the

16   indictment.  For these reasons, I am recommending to the

17   district judge that your plea be accepted.

18      All right.  I assume the government will order a copy

19   of the transcript and submit it together with any additional

20   paperwork.

21      MR. ADELSBERG:  Yes, your Honor.

22      THE COURT:  And has the district judge set a

23   sentencing date?  I understand not.  So we are going to have a

24   control date, and my deputy tells me February 26, 2020.

25      I direct that the presentence report be prepared.  And

JBQ3CORP                     Plea

1   counsel, will you deliver the case summary for purposes of the

2   presentence report to the probation department within 14 days?

3              MR. ADELSBERG:  Yes, your Honor.

4              THE COURT:  Will the defendant be able to make himself

5   and will counsel be able to make herself available within 14

6   days to be interviewed?

7              MS. CHUNG:  Yes, your Honor, we will.

8              THE COURT:  All right.  What are we doing with respect

9   to detention or release?

10             MR. ADELSBERG:  I believe that the government makes an

11  application that the defendant remain detained pending

12  sentencing.

13             THE COURT:  From the defense?

14             MS. CHUNG:  Yes, your Honor.  Mr. Mones Coro is

15  detained on consent and that can be continued.

16             THE COURT:  All right.  Anything else from the

17  government?

18             MR. ADELSBERG:  No, your Honor.

19             THE COURT:  Anything else from defense?

20             MS. CHUNG:  No, your Honor.  Thank you.

21             THE COURT:  The defendant will continue to be detained

22  until sentencing, and we are adjourned on this matter.  Thank

23  you, and good luck to you, Mr. Mones.

24             (Adjourned)

25