Christine H. Chung, PLLC   

September 25, 2020

To Be Filed Under Seal Pursuant
to Court Order of September 23, 2020

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

                        Re: United States v. Victor Mones Coro
                                   19 Cr. 144 (AKH)

Dear Judge Hellerstein:

       On behalf of Victor Mones Coro, we write pursuant to the procedure the Court outlined at the September 23, 2020 status conference. During that conference, the Court afforded defendants the opportunity to make motions or objections, under seal in the first instance, to the letters the government submitted under seal (two on September 22 and one on September 23, collectively, the "Letters").

       The government has stated that the question of sealing may be resolved given the scheduled presentment of Mr. Marin today. Gov't Sealed Ltr. at 1-2 (Sept. 23, 2020); Telephonic Conf. Tr ("Conf. Tr.") at 18:8-12 (Sept. 23, 2020). It also seems, from the government's Letters and other information, that the situation in the Southern District of Florida is fluid. Government agents executed a search at Mr. Marin's aviation company this week, and there is attention in the South Florida private aviation community to that event.

       Because the government did not redact its Letters and provided defense counsel with updated information last night, and in light of the likelihood of further updates later today (or as soon as presentment is held), we think it is logical to defer slightly the making of any applications or motions to next week, if that timing is acceptable to the Court. We will continue to act promptly. In the meantime, we consent to continued sealing of the Letters and this letter.

       The government's submission of September 23 does not change our objection to the delay in Mr. Marin's presentment. The public has an interest in speedy presentment, and being quarantined in federal prison, even assuming Mr. Marin has tested positive for COVID-19, is not a reason for a week-long delay. Prisoners in quarantine across the country are routinely presented and arraigned telephonically. Our information is the same as that stated in note 1 of the government's sealed letter

of September 23, 2020—*i.e.*, that Mr. Marin contracted and recovered from COVID-19 before his arrest on September 19, 2020—and the government acknowledges that Mr. Marin may have given conflicting accounts of his condition and testing history. *See* Gov't Sealed Ltr. at 1 & n.1 (Sept. 23, 2020).

Finally, the government confirmed last evening that Mr. Marin's quarantine is the sole reason presentment is delayed. Thus, the government's views in the Letters that "it is possible" that Mr. Marin would seek confidentiality due to safety concerns, Gov't Sealed Ltr. at 1 (Sept. 22, 2020), and that it "anticipate[d] that Marin may have safety concerns" Gov't Ex Parte Ltr. at 1 (Sept. 22, 2020), have apparently not been borne out and should not impact a speedy and public presentment.

We appreciate that the Court stated at the September 23 conference that the Court planned to docket the Letters (and presumably also letters submitted by the defense), noting "sealed" submissions, and with the sealing itself supported by reasons stated on the record at the status conference. Conf. Tr. at 7:8-9, 20:19-22. While the docket entries have not yet appeared on ECF, perhaps in anticipation of the Court's receipt of defense letters, we respectfully request that the exchange be promptly docketed.[1]

Respectfully,

| | |
|---|---|
| Christine H. Chung | Faith E. Gay |
| CHRISTINE H. CHUNG, PLLC | Jordan L. Weatherwax |
| 14 Murray Street, #236 | SELENDY & GAY PLLC |
| New York, New York 10007 | 1290 Avenue of the Americas |
| Telephone: 917-685-0423 | New York, New York 10104 |
| christine@thechunglawoffice.com | Telephone: 212-390-9000 |
| | fgay@selendygay.com |
| | jweatherwax@selendygay.com |

cc: AUSA Amanda L. Houle
    AUSA Samuel Adelsberg

---

[1] *See In re Herald Co.*, 734 F.2d 93, 102 & n.7 (2d Cir. 1984) (there should be "contemporaneous," usually same-day notation in the docket that courtroom closure has been sought or has occurred absent "extraordinary situations" supported by findings also promptly docketed); *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) (fact that sealing of portion of a plea agreement had been ordered "must be docketed," absent "extraordinary situations" even if reasons are sealed (quoting *Herald*, 734 F.2d at n.7)).