Christine H. Chung, PLLC



October 1, 2020

To Be Filed Under Seal Pursuant
<u>to Court Order of September 23, 2020</u>

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re: <u>United States v. Victor Mones Coro</u>
19 Cr. 144 (AKH)

Dear Judge Hellerstein:

We write on behalf of Victor Mones Coro pursuant to the procedure the Court outlined at the September 23, 2020 status conference. The press reported last weekend a meaningful fact that the public presumptively has a right to know and that defendants in this case have the right to reference in vindicating their own rights: Alejandro Marin, the confidential source against defendants in this case, has been charged with lying to federal agents. Even if Mr. Marin were to raise a concern about his security—which to date he has not—continuing to seal the link between the two cases after the cat has been let out of the bag cannot protect him. The complaint the government chose to file publicly, moreover, has confirmed the identity of Mr. Marin as a confidential source in this case to the very individuals it has speculated may pose a threat to Mr. Marin. We respectfully submit that the government's letters and defense responses should be unsealed.[1]

Multiple media outlets, including the Washington Post and Spanish-language press, reported this past weekend that Mr. Marin had been charged in a complaint in the Southern District of Florida with making false statements to federal agents, and also that Marin had been providing information in this case against Tarek El Aissami and Samark Lopez Bello (two of the lead defendants). Examples of those accounts

---

[1] Specifically, these include two sealed letters submitted by the government on September 22 (one *ex parte*), one submitted by the government on September 23, and government updates submitted on September 28 and September 30, (collectively, the "Government Letters"), a letter submitted by Mr. Mones on September 25, 2020 (and this letter), and a letter submitted by Mr. Orsini on September 25, 2020.

with informal translations for the Spanish-language articles and Twitter post are attached hereto as Exhibit A.

In addition, the Government Letters to date are omitting to mention the critical fact that the complaint filed against Mr. Marin, which was filed publicly, revolves around and references a transporting of Crime Proceeds of nearly 1.3 million euro that Mr. Marin obtained *from and with the knowledge of Tarek El Aissami and Joselit Ramirez Camacho*. The government has speculated that Mr. Marin may claim that these same individuals pose a security risk to him. If they do, the complaint itself "confirms" to them that the media reports are true.

Given the information the government and the media have already made known, there has been no showing that sealing (or prohibiting public, in-court references to Mr. Marin's connection to this case) is "essential" to vindicating any interest that outweighs the public right of access to court records or defendants' due process rights.[2] As the media reports demonstrate, there is considerable public interest in the fact that the confidential source in this case—which the government itself has highly publicized as one involving a senior Venezuelan government official with links to the Maduro regime and their drug trafficking activities—has been charged with lying to federal agents and, by implication, stealing U.S. government funds.

Nor is there any countervailing interest. The government "anticipat[ed]" that Mr. Marin might claim a need to be protected, but that has not been borne out. Gov't Ex Parte Ltr. at 1 (Sept. 22, 2020). But to the extent Mr. Marin faces a security risk, that risk materialized with the publication of the attached articles and others like them. It is folly to think that anyone posing a threat to Mr. Marin would wait for the government to "confirm" the media reports before acting. And in any event the content of the complaint against Marin itself confirms to the only individuals the government has named as even potential security risks that Mr. Marin provided information against them.[3]

---

[2] *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988); *see also In re The Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984) (closure cannot be ordered absent "significant risk" to competing interest arising from public access, and absent consideration of less restrictive alternatives); *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995) (closure requires "specific findings" of "substantial probability" that access will prejudice interests such as rights of defense or ongoing investigation, and that "reasonable alternatives" to closure are not available) (quoting *Press-Enterprise v. Superior Court*, 478 U.S. 1, 14 (1986)).

[3] Our clients and their families have worked with Marin and his aviation company, My Jet Saver, in South Florida for many years, including before the period of the charged conspiracy. We believe that Mr. Marin is a long-time resident of the United States ███████████████ ██████████.

Much of the voluminous discovery the government has produced in the last four months has related to Mr. Marin. The government charged Mr. Marin publicly, through a complaint bearing the names of the AUSAs on this case. Further, while the government drafted the complaint to carefully avoid mentioning Venezuela or this case, the very transfer of Crime Proceeds described in that complaint is well known to the lead defendants in this case. If the government had concerns about Mr. Marin's safety, it cannot reasonably have relied on protecting him by filing the complaint it did, with the content it did.

Because there is no valid interest furthered by sealing, we respectfully request that the Government Letters and responding defense letters be unsealed. In our view, the only material that need be redacted from the Government Letters and the defense letters submitted to date is information the government and defense counsel has provided to the Court about ███████████████. We have annexed as Exhibit B the only correspondence to date (including this letter) that in our view should be redacted, showing the proposed redactions in highlighting.[4]

We also continue to request that the Government Letters and the responding defense letters be docketed when received, noting "sealed" submissions and accompanied by docketed, sealed findings where appropriate, and until unsealing is ordered.

We understand that from the Government Letters that the government may agree to unsealing after Monday's bail hearing for Mr. Marin, but we wished to set forth our position that the hearing is irrelevant to the question of sealing before Monday.

---

[4] The docket sheet in the Southern District of Florida, and publicly filed documents there, have referenced Mr. Marin's claims to be suffering from COVID-19, and thus his medical condition has already become public. *See* Exhibit C.

Respectfully submitted,


_____                    _____
Christine H. Chung                                       Faith E. Gay
CHRISTINE H. CHUNG, PLLC                     Jordan L. Weatherwax
14 Murray Street, #236                               SELENDY & GAY PLLC
New York, New York 10007                         1290 Avenue of the Americas
Telephone: 917-685-0423                             New York, New York 10104
christine@thechunglawoffice.com               Telephone: 212-390-9000
                                                              fgay@selendygay.com
                                                              jweatherwax@selendygay.com


cc:     AUSA Amanda L. Houle
        AUSA Samuel Adelsberg
        Sabrina Schroff, Esq.

# Exhibit A

# Informant in top Venezuela case accused of lying to feds

**wp** washingtonpost.com/world/the_americas/apnewsbreak-informant-in-top-venezuela-case-lied-to-feds/2020/09/26/45240d60-000f-11eb-b0e4-350e4e60cc91_story.html

By Joshua Goodman | AP                                                      September 26, 2020

MEDELLIN, Colombia — A key informant against one of Venezuelan President Nicolás Maduro's closest aides has been accused of lying to his law enforcement handlers in a case involving millions of dollars transported on private jets in violation of U.S. sanctions, The Associated Press has learned.

The development could hurt the case against Oil Minister Tareck El Aissami, who the U.S. considers one of Venezuela's most corrupt power brokers, giving oxygen to claims by the nation's socialist elite that the U.S. is resorting to trumped-up charges to pursue its goal of regime change.

It also follows embarrassing revelations in another sanctions case in which a federal judge excoriated the same unit of Manhattan prosecutors targeting El Aissami for withholding exculpatory information about an Iranian businessman seen as a nexus in growing ties between the Islamic republic and Venezuela.

Alejandro Marin, a Venezuelan-born pilot and businessman, was arrested Sept. 19 in Miami on three counts of knowingly making false statements to U.S. federal agents, according to court filings.

A sworn affidavit accompanying the Sept. 4 arrest order doesn't mention Venezuela or El Aissami.

But it accuses Marin of lying about the equivalent of $140,000 that went missing from a package of 1.3 million euros in cash that he transported by private jet to the U.S. in July 2018 at the direction of federal law enforcement.

Marin, 46, runs a chartered flight business out of Miami's Opa Locka executive airport. He was signed up as a confidential source to help investigate then Vice President El Aissami and his alleged frontman, businessman Samark Lopez, according to an individual familiar with the case speaking anonymously to discuss the ongoing probe.

The Trump administration sanctioned both men as drug kingpins in 2017, seizing hundreds of millions of dollars from U.S. bank accounts, two yachts, a private plane and Miami real estate it said were the illegal proceeds of cocaine shipments to Mexican cartels coordinated at the highest levels of Venezuela's government and military.

It later charged them with violating those same sanctions by allegedly using U.S.-based charter companies to arrange private flights on American-registered aircraft to Russia, Turkey and inside Venezuela during Maduro's 2018 presidential campaign, which the

opposition boycotted amid allegations of fraud and vote-rigging.

Both men are on the U.S. Immigration and Customs Enforcement's 10 most wanted fugitives list. Both have denied any wrongdoing and Lopez even appealed unsuccessfully to the U.S. Supreme Court to try and block kidnapping victims of Colombian rebels from taking a $318 million chunk of assets frozen in the U.S. following his designation as a "drug kingpin" by the U.S. Treasury Department.

A former student activist schooled in radical politics by his father, a Druse Syrian-Lebanese immigrant, the 45-year-old El Aissami has risen steadily through the ranks of Venezuela's red-shirted revolution. Along the way he's earned a reputation for ruthlessness but also pragmatism that stands in sharp contrast to his anti-imperialist sloganeering.

Perhaps more than any other of the dozens of Venezuelan officials under investigation, he's been a thorn in the side of U.S. law enforcement, which has spent much of the past decade looking for evidence tying him to Colombia's cartels and Middle Eastern terrorist groups.

But neither he nor Lopez have been charged for drug trafficking even as prosecutors in March added Maduro and others to sweeping narcoterrorist conspiracy charges effectively accusing Venezuela's government of being a criminal enterprise at the service of drug traffickers and terrorist groups.

Christian Dunham, a federal public defender representing Marin, declined to comment but said his client is expected to appear in court for a pre-trial detention hearing on Sept. 30.

A spokesman for the U.S. Attorney's office in Manhattan declined to comment.

According to the arrest order, approximately $140,000 of the cash owed to the U.S. government was removed from the packages Marin helped transport on orders of a foreign associate identified only as "Individual 1." U.S investigators instructed Marin to try and recover the missing funds by having them wired to an account under the control of Homeland Security Investigations, a division of Immigration and Customs Enforcement that is the lead agency for financial crimes stretching beyond U.S. borders.

After two wire transfers were rejected, the money was finally deposited months later to a company controlled by Marin, who never told investigators. About $90,000 came from an organization affiliated with an unnamed foreign soccer team associated with "Individual 1," according to the testimony of HSI Special Agent Timothy McCann.

Two years later, federal officials in August 2020 asked Marin about the funds that went missing from the package labeled "Marin." In a series of phone calls with U.S. attorneys and in a subsequent meeting in Manhattan he reiterated that he didn't recover any of the missing cash.

However, on Aug. 28, he changed his story and said that after further consultation with his accountant he recalled that he had in fact received $130,000 from "Individual-1," part of which came from the organization associated with the soccer club.

McCann didn't name the soccer club in his testimony. El Aissami, a huge soccer fan, in 2015 was added to the roster for a first-division Venezuelan soccer team from the state of Aragua, which he governed from 2012 to 2017. A spokeswoman for the soccer team wouldn't comment.

It's not clear what impact, if any, the new revelations will have on the sanctions-busting case against El Aissami, Lopez and three co-defendants who are currently in U.S. federal custody. Only one of them, Victor Mones, owner of the Florida-registered American Charter Services, has pleaded guilty.

Assistant U.S. Attorney Amanda Houle in a hearing this week for one of the co-defendants asked Judge Alvin Hellerstein for more time to produce evidence it is required to hand over to defendants that may help them prove their innocence.

"Your Honor, given the developing situation with the confidential source, I don't want to rule out the possibility that additional information could be collected in the next two weeks," she said, without mentioning any arrest or referring to the source by name.

Judge Hellerstein, responding to complaints by the defendant's attorney that the government has been dragging its feet for more than a year, gave the government a final 30-day extension, expressing disgust that it hadn't already collected all information.

"After that, there may be repercussions," he said.

Bonnie Klapper, a former federal prosecutor in New York, said the charges against a government informant for lying "is obviously detrimental to the government's case but it's not a death knell."

She likened the development to what happened in another high profile Venezuela case, the narcotics trial of First Lady Cilia Flores' nephews, where the government had to tear up mid-way a cooperation agreement with a father-son informant team who were also found lying to the government. The case nonetheless proceeded, and the two so-called "narco nephews" were convicted by a jury and sentenced to 18 years in prison in 2017.

She said it's likely the terrorism and international narcotics unit in the southern district of New York is acting aggressively to disclose the misconduct in light of criticism it tried to bury evidence in the case against Ali Sadr Hshemi Nejad. Prosecutors in June abruptly dropped charges against the Iranian businessman after he had been convicted over what it described as "disclosure-related issues" that would've altered his defense.

"The government did the right thing by disclosing this," Klapper said about Marin. "Too often this sort of stuff gets buried under the rug."

—

Follow Goodman on Twitter: @APJoshGoodman

Copyright 2020 The Associated Press. All rights reserved. This material may not be published, broadcast, rewritten or redistributed without permission.

# Informante arrestado en Miami, pieza clave contra Tareck El AissamiAnuncios

miamimundo.com/informante-arrestado-en-miami-pieza-clave-contra-tareck-el-aissami



Alejandro Marín, piloto y empresario nacido en Venezuela, fue arrestado el 19 de septiembre en Miami bajo tres cargos de haber realizado conscientemente declaraciones falsas a los agentes federales de Estados Unidos, de acuerdo con documentos entregados a los tribunales.

**Miami Mundo / Diario Las Americas**

Este informante clave en un caso contra uno de los colaboradores más cercanos del dictador de Venezuelas, Nicolás Maduro, ha sido acusado de mentirle a los encargados de hacer cumplir la ley, en un caso que involucra millones de dólares que fueron transportados en aviones privados en violación de las sanciones impuestas por Estados Unidos, de acuerdo con información a la que tuvo acceso The Associated Press.

El giro sorprendente podría dañar el caso contra el ministro de Petróleo, Tareck El Aissami —a quien Estados Unidos considera como uno de los intermediarios del poder más corruptos de Venezuela—, y darle oxígeno a las afirmaciones de la élite socialista de la nación en torno a que los estadounidenses están recurriendo a acusaciones inventadas para tratar de lograr su objetivo de un cambio de poder.

También se produce luego de que se dieron a conocer revelaciones vergonzosas en otro caso de violación a las sanciones estadounidenses, en el que un juez federal vilipendió a la misma unidad de fiscales de Manhattan que tienen en la mira a El Aissami por retener información exculpatoria sobre un empresario iraní que es visto como la conexión en las crecientes relaciones entre la República Islámica y Venezuela.

Una declaración jurada que estaba junto con la orden de arresto del 4 de septiembre no menciona a Venezuela ni a El Aissami.

Sin embargo, acusa a Marín de mentir sobre el equivalente a 140.000 dólares que desaparecieron de un paquete de 1,3 millones de euros en efectivo que él transportó en un avión privado a Estados Unidos en julio de 2018 bajo órdenes de las autoridades federales.

Marín, de 46 años, opera un negocio de vuelos chárter en el aeropuerto ejecutivo de Opa Locka, en el condado de Miami-Dade, Florida. Fue registrado como fuente confidencial para ayudar a investigar al entonces vicepresidente El Aissami y a su supuesto testaferro, el empresario Samark López, de acuerdo con una persona familiarizada con el caso que habló bajo condición de anonimato para discutir la pesquisa en curso.

El gobierno del presidente Donald Trump etiquetó a los dos hombres como narcotraficantes en 2017, incautándoles cientos de millones de dólares de cuentas bancarias en Estados Unidos, así como dos yates, un avión privado y una residencia en Miami. Todo ello, aseguró, fueron resultado de las ganancias ilícitas de los envíos de cocaína a los cárteles mexicanos que estuvieron coordinados al más alto nivel del régimen y ejército venezolanos.

Posteriormente los acusó de haber violado esas mismas sanciones luego de que supuestamente utilizaron compañías chárter con sede en Estados Unidos para organizar vuelos privados en aeronaves registradas como estadounidenses hacia Rusia, Turquía y Venezuela durante la campaña presidencial de Maduro de 2018.

Ambos hombres están en la lista de los 10 fugitivos más buscados del Servicio de Control de Inmigración y Aduanas de Estados Unidos (ICE por sus siglas en inglés). Los dos han negado haber cometido alguna acción ilegal y López ha apelado sin éxito a la Corte Suprema para tratar de impedir que las víctimas de secuestro de los rebeldes colombianos se apoderen de una parte de los 318 millones de dólares de activos congelados en Estados Unidos, luego de ser etiquetados como "narcotraficantes" por parte del Departamento del Tesoro norteamericano.

Tags: El Aissamivenezuelas

GOOGLE TRANSLATION

# Informant arrested in Miami, key piece against Tareck El AissamiAdvertisements

 **miamimundo.com**/informante-arrestado-en-miami-pieza-clave-contra-tareck-el-aissami



Alejandro Marín, a Venezuelan-born pilot and businessman, was arrested on September 19 in Miami on three charges of knowingly making false statements to US federal agents, according to documents released to the courts.

**Miami World / Diario Las Americas**

This key informant in a case against one of the Venezuelas dictator's closest collaborators, Nicolás Maduro, has been accused of lying to law enforcement officials, in a case involving millions of dollars that were transported on private planes in violation of sanctions imposed by the United States, according to information accessed by The Associated Press.

The surprising twist could damage the case against Oil Minister Tareck El Aissami - whom the United States regards as one of Venezuela's most corrupt power brokers   and give oxygen to the claims of the nation's socialist elite around that Americans are resorting to fabricated charges to try to achieve their goal of a power shift.

It also comes after embarrassing revelations were made in another U.S. sanctions violation case, in which a federal judge vilified the same unit of Manhattan prosecutors targeting El Aissami for withholding exculpatory information about an Iranian businessman who is seen as the connection in the growing relations between the Islamic Republic and Venezuela.

An affidavit that was with the Sept. 4 arrest warrant does not mention Venezuela or El Aissami.

However, he accuses Marín of lying about the equivalent of $ 140,000 that disappeared from a package of 1.3 million euros in cash that he transported on a private plane to the United States in July 2018 on orders of federal authorities.

Marin, 46, operates a charter business at Opa Locka Executive Airport in Miami  Dade County, Florida. It was registered as a confidential source to help investigate then-vice president El Aissami and his alleged front man, businessman Samark López, according to a

GOOGLE TRANSLATION

person familiar with the case who spoke on condition of anonymity to discuss the ongoing investigation.

The administration of President Donald Trump labeled the two men as drug traffickers in 2017, seizing hundreds of millions of dollars from bank accounts in the United States, as well as two yachts, a private plane and a residence in Miami. All of this, he assured, was the result of illicit profits from cocaine shipments to Mexican cartels, which were coordinated at the highest level of the Venezuelan regime and army.

He later accused them of having violated those same sanctions after they allegedly used US-based charter companies to organize private flights on US-registered aircraft to Russia, Turkey and Venezuela during Maduro's 2018 presidential campaign.

Both men are on the U.S. Immigration and Customs Enforcement (ICE) list of the 10 Most Wanted Fugitives. The two have denied having committed any illegal action and López has unsuccessfully appealed to the Supreme Court to try to prevent the victims of kidnapping of Colombian rebels from seizing a part of the 318 million dollars of assets frozen in the United States. after being labeled as "drug traffickers" by the US Department of the Treasury.

Tags: The Aissamivenezuela

# Informante arrestado en Miami, pieza clave contra Tareck El Aissami

**DLA** diariolasamericas.com/america-latina/informante-arrestado-miami-pieza-clave-contra-tareck-el-aissami-n4207618



Captura de pantalla de la cuenta de Alejandro Javier Marín en LinkedIn.

Alejandro Marín, piloto y empresario nacido en Venezuela, fue arrestado el 19 de septiembre en **Miami** bajo tres cargos de haber realizado conscientemente declaraciones falsas a los agentes federales de Estados Unidos, de acuerdo con documentos entregados a los tribunales.

Este informante clave en un caso contra uno de los colaboradores más cercanos del dictador de **Venezuela**, Nicolás Maduro, ha sido acusado de mentirle a los encargados de hacer cumplir la ley, en un caso que involucra millones de dólares que fueron transportados en aviones privados en violación de las sanciones impuestas por Estados Unidos, de acuerdo con información a la que tuvo acceso The Associated Press.

El giro sorprendente podría dañar el caso contra el ministro de Petróleo, Tareck El Aissami —a quien Estados Unidos considera como uno de los intermediarios del poder más corruptos de Venezuela—, y darle oxígeno a las afirmaciones de la élite socialista de la nación en torno a que los estadounidenses están recurriendo a acusaciones inventadas para tratar de lograr su objetivo de un cambio de poder.

También se produce luego de que se dieron a conocer revelaciones vergonzosas en otro caso de violación a las sanciones estadounidenses, en el que un juez federal vilipendió a la misma unidad de fiscales de Manhattan que tienen en la mira a El Aissami por retener información exculpatoria sobre un empresario iraní que es visto como la conexión en las crecientes relaciones entre la República Islámica y Venezuela.



### Alejandro Javier Marin · 3rd

Founder and CEO My Jet Saver (AOC), Managing Private Jets in the USA and Cayman Islands.

Miami/Fort Lauderdale Area · 500+ connections · Contact info

— My Jet Saver

🔒 Message

Una captura de pantalla en LinkedIn muestra la cuenta de Alejandro Javier Marín, al frente de una compañía de jets privados.

Una declaración jurada que estaba junto con la orden de arresto del 4 de septiembre no menciona a Venezuela ni a El Aissami.

Sin embargo, acusa a Marín de mentir sobre el equivalente a 140.000 dólares que desaparecieron de un paquete de 1,3 millones de euros en efectivo que él transportó en un avión privado a Estados Unidos en julio de 2018 bajo órdenes de las autoridades federales.

Marín, de 46 años, opera un negocio de vuelos chárter en el aeropuerto ejecutivo de Opa Locka, en el condado de Miami-Dade, Florida. Fue registrado como fuente confidencial para ayudar a investigar al entonces vicepresidente El Aissami y a su supuesto testaferro, el empresario Samark López, de acuerdo con una persona familiarizada con el caso que habló bajo condición de anonimato para discutir la pesquisa en curso.



La combinación de imágenes creadas el 26 de marzo de 2020 muestra fotos de archivo (de Izquierda a derecha y de arriba abajo) del ministro de Defensa de Venezuela, Vladimir Padrino; el dictador venezolano, Nicolás Maduro; el presidente de la Corte Suprema de Justicia Maikel Moreno; el general retirado del ejército venezolano Hugo Carvajal; el presidente de la Asamblea Nacional Constituyente de Venezuela, Diosdado Cabello; el ministro de Industria venezolano y el ex vicepresidente Tareck El Aissami. El Departamento de Justicia de EEUU anunció el jueves la acusación contra Maduro, por "narcoterrorismo" y ofreció $ 15 millones de dólares por información que conduzca a su captura por ser el líder de un grupo de tráfico de cocaína llamado "El Cartel de los Soles".

El gobierno del presidente Donald Trump etiquetó a los dos hombres como narcotraficantes en 2017, incautándoles cientos de millones de dólares de cuentas bancarias en Estados Unidos, así como dos yates, un avión privado y una residencia en **Miami**. Todo ello, aseguró, fueron resultado de las ganancias ilícitas de los envíos de cocaína a los cárteles mexicanos que estuvieron coordinados al más alto nivel del régimen y ejército venezolanos.

Posteriormente los acusó de haber violado esas mismas sanciones luego de que supuestamente utilizaron compañías chárter con sede en Estados Unidos para organizar vuelos privados en aeronaves registradas como estadounidenses hacia Rusia, Turquía y Venezuela durante la campaña presidencial de Maduro de 2018.

Ambos hombres están en la lista de los 10 fugitivos más buscados del Servicio de Control de Inmigración y Aduanas de Estados Unidos (ICE por sus siglas en inglés). Los dos han negado haber cometido alguna acción ilegal y López ha apelado sin éxito a la Corte Suprema para tratar de impedir que las víctimas de secuestro de los rebeldes colombianos se apoderen de una parte de los 318 millones de dólares de activos congelados en Estados Unidos, luego de ser etiquetados como "narcotraficantes" por parte del Departamento del Tesoro norteamericano.

**FUENTE:** Con información de AP

Copyright Diario las Americas 2020. All rights reserved

GOOGLE TRANSLATION

# Informant arrested in Miami, key piece against Tareck El Aissami

**dla** diariolasamericas.com/america-latina/informante-arrestado-miami-pieza-clave-contra-tareck-el-aissami-n4207618



Alejandro Javier Marin · 3rd
Founder and CEO My Jet Saver (AOC), Managing
Jets in the USA and Cayman Islands.
Miami/Fort Lauderdale Area · 500+ connections · Contact in

Alejandro Marín, a Venezuelan-born pilot and businessman, was arrested on September 19 in **Miami** on three charges of knowingly making false statements to US federal agents, according to documents released to the courts.

This key informant in a case against one of the **Venezuelan** dictator's closest collaborators , Nicolás Maduro, has been accused of lying to law enforcement officials, in a case involving millions of dollars that were transported on private planes in violation of sanctions imposed by the United States, according to information accessed by The Associated Press.

The surprising twist could damage the case against Oil Minister Tareck El Aissami - whom the United States regards as one of Venezuela's most corrupt power intermediaries - and give oxygen to the claims of the nation's socialist elite around that Americans are resorting to fabricated charges to try to achieve their goal of a power shift.

It also comes after embarrassing revelations were made in another U.S. sanctions violation case, in which a federal judge vilified the same unit of Manhattan prosecutors targeting El Aissami for withholding exculpatory information about an Iranian businessman who is seen as the connection in the growing relations between the Islamic Republic and Venezuela.

GOOGLE TRANSLATION



**Alejandro Javier Marin** · 3rd      —   **My Jet Saver**

Founder and CEO My Jet Saver (AOC), Managing Private
Jets in the USA and Cayman Islands.

Miami/Fort Lauderdale Area · 500+ connections · **Contact info**

A screenshot on LinkedIn shows the account of Alejandro Javier Marín, in charge of a private
jet company.

Screenshot / LinkedIn

An affidavit that was with the Sept. 4 arrest warrant does not mention Venezuela or El
Aissami.

However, he accuses Marín of lying about the equivalent of $ 140,000 that disappeared from
a package of 1.3 million euros in cash that he transported on a private plane to the United
States in July 2018 on orders of federal authorities.

Marin, 46, operates a charter business at Opa Locka Executive Airport in Miami-Dade
County, Florida. It was registered as a confidential source to help investigate then-vice
president El Aissami and his alleged front man, businessman Samark López, according to a
person familiar with the case who spoke on condition of anonymity to discuss the ongoing
investigation.

GOOGLE TRANSLATION



The combination of images created on March 26, 2020 shows archive photos (from left to right and top to bottom) of Venezuela's Defense Minister Vladimir Padrino; the Venezuelan dictator, Nicolás Maduro; the president of the Supreme Court of Justice Maikel Moreno; the retired general of the Venezuelan army Hugo Carvajal; the president of the National Constituent Assembly of Venezuela, Diosdado Cabello; the Venezuelan Minister of Industry and former Vice President Tareck El Aissami. The US Justice Department announced on Thursday the indictment against Maduro, for "narco-terrorism" and offered $ 15 million for information leading to his capture for being the leader of a cocaine trafficking group called "El Cartel de los Soles. ".

YURI CORTEZ / AFP

The administration of President Donald Trump labeled the two men as drug traffickers in 2017, seizing hundreds of millions of dollars from bank accounts in the United States, as well as two yachts, a private plane and a residence in **Miami** . All of this, he assured, was the result of illicit profits from cocaine shipments to Mexican cartels, which were coordinated at the highest level of the Venezuelan regime and army.

He later accused them of having violated those same sanctions after they allegedly used US-based charter companies to organize private flights on US-registered aircraft to Russia, Turkey and Venezuela during Maduro's 2018 presidential campaign.

GOOGLE TRANSLATION

Both men are on the U.S. Immigration and Customs Enforcement (ICE) list of the 10 Most Wanted Fugitives. The two have denied having committed any illegal action and López has unsuccessfully appealed to the Supreme Court to try to prevent the victims of kidnapping of Colombian rebels from seizing a part of the 318 million dollars of assets frozen in the United States. after being labeled as "drug traffickers" by the US Department of the Treasury.

**SOURCE:** With information from AP

Copyright Diario las Americas 2020 . All rights reserved

Q Search Twitter

**Casto Ocando-Primer Informe** ⌄
@cocando

Detienen en Miami al piloto Alejandro Javier Marín por sus vínculos con Víctor Mones, el operador aéreo de Samark López, el testaferro de Tareck El Aissami. El arresto se produjo el lunes, a petición de la fiscalía del Distrito Sur de Nueva York.

Translate Tweet



10:00 PM · Sep 25, 2020 · Twitter for iPhone

**1.5K** Retweets  **17** Quote Tweets  **1.7K** Likes

| ♡ 27 | ↻ 1.5K | ♡ 1.7K | ⬆ |

🐢 Tweet your reply

Adaneva Guerrero @omairagr · 17h ⌄
@ResisTemplario
♡  ↻ 1  ♡ 3  ⬆

Edith @Edith52973473 · 3h ⌄
La cadena: piloto, vínculo, operador, testaferro...
♡  ↻  ♡ 1  ⬆

Betzayda @betzacb · 15h ⌄
Yesssssssssss
♡  ↻  ♡ 1  ⬆

rafael adames @boobpatchking · 8h ⌄
😂😂😂😂😂😂
♡  ↻  ♡  ⬆

LUIS CÁRDENAS @LEOMAIQUETIA · 15h ⌄
Otra plaga menos.
♡  ↻  ♡ 2  ⬆

Minerva Sanjuan B. @Minesanjuan · 1h ⌄
Que se j....
♡  ↻  ♡  ⬆

Norma Merchan García law & Order. @merchan_norma · 7h ⌄
Maravilloso!!!!
♡  ↻  ♡  ⬆

AAA @ArtAnt1961 · 6h ⌄
De algún lado va a brincar la liebre
♡  ↻ 1  ♡ 1  ⬆

Libertador🦅🏴🇪🇸🇻🇪🇨🇺🐴 @Liberta74787970 · 5h ⌄

---

🏠 Home

\# Explore

🔔 Notifications

✉ Messages

🔖 Bookmarks

☰ Lists

👤 Profile

⋯ More

**Tweet**

---

Pilot Alejandro Javier Marin arrested in Miami for his ties to Victor Mones, air operator of Samark Lopez, Tareck El Aissami's front man. The arrest took place on Monday, by request of the US Attorney's office for the Southern District of New York.

**Relevant people**



**Casto Ocando-Primer ...** ( Follow )
@cocando
Emmy Award-Winner Investigative Reporter. News Consultant. Interests: Corruption, Narco-Terrorism, US-LatAm relations. Venezuela. Instagram:

**Libertador**🎖️🇻🇪💺🇱🇪🇺🇸🎖️ @Liberta74787970 · 5h



🗨  🔁  ♡  ⬆

**Oscar Ramon** @imagallaneroRM · 17h
Amén y que paguen uno a uno irán cayendo

🗨  🔁 3  ♡ 13  ⬆

**Josue Cheremo** @JCheremo · 7h
Buena esa!!

🗨  🔁  ♡  ⬆

**León** @Leonard51114348 · 17h
No tendrán paz estas ratas chavistas

🗨  🔁 5  ♡ 17  ⬆

# Exhibit B

**U.S. District Court**
**Southern District of Florida (Miami)**
**CRIMINAL DOCKET FOR CASE #: 1:20-mj-03659-JG-1**

Case title: USA v. Marin                                        Date Filed: 09/21/2020

  Other court case number:    20 MAG 9491 Southern District of New York

Assigned to: Magistrate Judge Jonathan Goodman

**Defendant (1)**

**Alejandro Javier Marin**                        represented by    **Noticing FPD-MIA**
21036-104                                                          305-530-7000
*YOB:1973 ENGLISH*                                                  Email: MIA_ECF@FD.org
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Designation: Public Defender Appointment*

**Pending Counts**                                               **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                            **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                   **Disposition**

Warr/Comp/SDNY/18USC1001/False Statements to
Federal Law Enforcement

**Plaintiff**

**USA**

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | Magistrate Removal of Complaint from Southern District of New York Case number in the other District 20 MAG 9491 as to Alejandro Javier Marin (1). (yha) (Entered: 09/21/2020) | 09/21/2020 |
|   | Set/Reset Hearings as to Alejandro Javier Marin: Initial Appearance set for 9/25/2020 at 01:00 PM in Miami Division before MIA Duty Magistrate. (fbn) (Entered: 09/22/2020) | 09/22/2020 |
|   | Set/Reset Hearings as to Alejandro Javier Marin: Report Re: Counsel Hearing/ Initial Appearance set for 9/23/2020 at 01:00 PM in the Miami Division before MIA Duty Magistrate. (fbn) (Entered: 09/23/2020) | 09/23/2020 |
| 2 | Invocation of Right to Silence and Counsel by Alejandro Javier Marin (Dunham, Christian) (Entered: 09/23/2020) | 09/23/2020 |
| 8 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Status Conference in re: Initial Appearance as to Alejandro Javier Marin held on 9/23/2020., ( Initial Appearance set for 9/25/2020 01:00 PM in Miami Division before MIA Duty Magistrate. (Digital JG-01-9-23-20-ZOOM) Signed by Magistrate Judge Jonathan Goodman on 9/23/2020. (nf) (Entered: 09/24/2020) | 09/23/2020 |
|   | Set/Reset Hearings as to Alejandro Javier Marin: Initial Appearance set for 9/25/2020 at 01:00 PM in the Miami Division before MIA Duty Magistrate. Modified on 9/24/2020 (fbn). (Entered: 09/24/2020) | 09/24/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 5 | Notice of Filing Counsel's Email.The Local Rules prohibit attorneys from sending communications directly to the Court. Defense counsel's email, although copied to the prosecutor, is a prohibited communication. It should have been publicly filed as a succinct motion. The Undersigned is confident that counsel did not intend to violate the Local Rules. So, rather than striking it, I am uploading it on the public CM/ECF record, so that there is a paper trail (or digital trail) of the communication. (fbn) Modified on 9/24/2020 (fbn). (Entered: 09/24/2020) | 09/24/2020 |
| 6 | PAPERLESS ORDER as to Alejandro Javier Marin, Initial Appearance set for 9/25/2020 at 01:00 PM in the Miami Division before MIA Duty Magistrate. The United States Attorney's Office is directed to coordinate with BOP officials at FDC Miami immediately and make all efforts to arrange for FDC to arrange a phone call between defense counsel (AFPD, Christian Dunham) and the Defendant for later today AND to ask that definitive COVID-19 test results be provided as soon as possible, so that the Court can hopefully hold Defendant's often-delayed "first appearance" tomorrow, September 25, 2020, at 1:00 p.m. The AUSA shall be prepared to discuss all steps taken to accomplish this directive. Signed by Magistrate Judge Jonathan Goodman on 9/24/2020. (fbn) (Entered: 09/24/2020) | 09/24/2020 |
| 7 | Clerks Notice of Docket Correction. Document 3 and 4 Restricted Due to Error. (fbn) (Entered: 09/24/2020) | 09/24/2020 |
| 9 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Alejandro Javier Marin held on 9/25/2020. Date of Arrest or Surrender: 9/19/20. Deft consents to VTC. Govt req PTD. Detention Hearing set for 9/30/2020 01:30 PM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 9/30/2020 01:30 PM in Miami Division before MIA Duty Magistrate. Attorney added: Noticing FPD-MIA for Alejandro Javier Marin (Digital JG_01_09-25-2020/ZOOM) Signed by Magistrate Judge Jonathan Goodman on 9/25/2020. (dgj) (Entered: 09/28/2020) | 09/25/2020 |
| 10 | NOTICE OF HEARING as to Alejandro Javier Marin: Removal Hearing and Detention Hearing RESET for 10/5/2020 01:30 PM in Miami Division before MIA Duty Magistrate. (mdc) (Entered: 09/29/2020) | 09/29/2020 |

FILED BY _____ YR _____ D.C.

Sep 21, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

AUSA Name & Telno:  Samuel Adelsberg / Amanda L. Houle  - 212-637-2194

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| United States of America | ) | **20 MAG 9491** |
| v. | ) | |
| ALEJANDRO JAVIER MARIN | ) | Case No. |
| | ) | |
| | ) | **20-MJ-3659-GOODMAN** |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_     ALEJANDRO JAVIER MARIN                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment     ❑ Superseding Indictment     ❑ Information     ❑ Superseding Information     ☑ Complaint
❑ Probation Violation Petition     ❑ Supervised Release Violation Petition     ❑ Violation Notice     ❑ Order of the Court

This offense is briefly described as follows:

  Three counts of violations of 18 U.S.C. 1001 (false statements to federal law enforcement)

Date:     09/04/2020

_____
JAMES L. COTT
United States Magistrate Judge

_____
_Issuing officer's signature_

City and state:     New York, New York

_____
HON. JAMES L. COTT, USMJ, SDNY
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ |
| at _(city and state)_ _____ . |
| Date: _____                  _____<br>_Arresting officer's signature_ |
| _____<br>_Printed name and title_ |

Approved: _____
          Samuel Adelsberg / Amanda Houle
          Assistant United States Attorneys

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                 :    **20 MAG 9491**
                                 :
UNITED STATES OF AMERICA         :    **COMPLAINT**
                                 :
          - v. -                 :    Violations of
                                 :    18 U.S.C. § 1001
ALEJANDRO JAVIER MARIN,          :
                                 :
               Defendant.        :    COUNTY OF OFFENSE:
                                 :    NEW YORK
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

TIMOTHY MCCANN, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI") and charges as follows:

<u>COUNT ONE</u>
(Making a False Statement to a Federal Agent)

1.   On or about August 18, 2020, in the Southern District of New York and elsewhere, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, when questioned by an HSI agent about whether MARIN had ever received a sum of approximately $140,000 that was owed to the U.S. Government, MARIN claimed that he had not received any of the money, when in fact he had.

(Title 18, United States Code, Section 1001(a).)

<u>COUNT TWO</u>
(Making a False Statement to a Federal Agent)

2.   On or about August 27, 2020, in the Southern District of New York, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, MARIN told HSI agents that the individual referred to herein as "Individual-1" never asked MARIN for permission to take money from a package containing criminally derived proceeds (the "Crime Proceeds") when in fact MARIN had agreed that Individual-1 could take funds from the package.

(Title 18, United States Code, Section 1001(a).)

<u>COUNT THREE</u>
(Making a False Statement to a Federal Agent)

3.   On or about August 27, 2020, in the Southern District of New York, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, MARIN told HSI agents that he had never prepared a package of money for Individual-1 when in fact MARIN had.

(Title 18, United States Code, Section 1001(a).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4.   I am a Special Agent with HSI.  This affidavit is based upon my conversations with law enforcement officers, my discussions with ALEJANDRO JAVIER MARIN, the defendant, described herein, my review of electronic messages from MARIN's phone, as well as my review of banking records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of the investigation.  Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

*The Defendant's Undisclosed Diversion of Criminal Proceeds to a Foreign Associate*

　　　　5.　　Based on my participation in this investigation, my review of law enforcement reports, my conversations with law enforcement officers, my review of electronic messages sent and received by ALEJANDRO JAVIER MARIN, the defendant, and my review of bank records provided to HSI by MARIN, I know the following, in substance and in part:

　　　　a.　　In or about January 2018, MARIN signed an agreement to act as a confidential source for HSI. As part of his work as a confidential source, MARIN assisted in an investigation relating to illicit transactions and other illegal activities by co-conspirators located in the United States as well as abroad.

　　　　b.　　In or about June 2018, targets of the investigation (the "Targets") agreed to transport criminally derived proceeds, *i.e.*, the above-referenced Crime Proceeds, into the United States on a private plane. HSI agents directed MARIN to retrieve the Crime Proceeds from the Targets and fly the plane carrying the Crime Proceeds into the United States. HSI agents advised MARIN that the Crime Proceeds would then be seized by HSI and forfeited to the United States.

　　　　c.　　On or about July 3, 2018, MARIN sent a photograph to an HSI agent of the Crime Proceeds. The photograph displayed six packages, each labeled with a name and amount of money in Euros (the "Packages"). The total value of Euros listed on the Packages was 1,297,500 Euros. One package in particular listed "MARIN" and the amount "999,400 EURO" ("Package-1").

　　　　d.　　Also on or about July 3, 2018, MARIN exchanged electronic messages with a foreign associate ("Individual-1") indicating that MARIN had the Packages delivered to Individual-1.[1] Individual-1 then wrote to MARIN that a "football partner" associated with Individual-1 needed "100 in cash" that would be paid back to a company owned by MARIN (the "Company") in approximately one month. MARIN responded, "you call the shots" and directed Individual-1 to "[g]ive me today's exchange rate and close it with the first ones that you have there." Based on my

---

[1] HSI forensically imaged MARIN's phones with his consent in or about October 2018 and April 2019. The messages exchanged between MARIN and Individual-1 described herein were written in Spanish. English language translations provided herein are based on draft translations that are subject to change.

participation in this investigation and my review of MARIN's messages with Individual-1, I believe Individual-1 was asking MARIN whether he could take money from the Packages for an individual associated with a foreign soccer team and MARIN agreed.

e.   On or about July 25, 2018, MARIN wrote to Individual-1 that a "package" was "getting done" for Individual-1 in the amount of "514,000" Euros.

f.   On or about July 26, 2018, MARIN transported the Packages into the United States via a private plane.  Upon receiving the Packages, HSI agents observed that Package-1 had been opened and appeared to contain less than the "999,400 EURO" listed on the front of the package.  While HSI did not record the amount of money in Package-1 in particular, based on my review of law enforcement reports and my discussions with HSI agents, I know that the Packages in total contained 829,200 Euros, not the 1,297,500 Euros listed on the Packages, and that Package-1 was the only package that appeared to have been opened.

g.   On or about July 27, 2018, in response to questioning by an HSI agent regarding Package-1, MARIN stated, in substance and in part, that Package-1 had been opened by Individual-1, who MARIN said he had entrusted with safekeeping the Crime Proceeds outside the United States.  MARIN further stated, in substance and in part, that he believed he could convince Individual-1 to repay approximately $140,000 toward the money missing from Package-1.  HSI agents instructed MARIN to assist in recovering that approximately $140,000, which the HSI agents made clear would then be seized by HSI.  HSI agents instructed MARIN to have Individual-1 wire the $140,000 to a U.S. bank account controlled by HSI (the "Account").

h.   On or about August 6 and August 7, 2018, MARIN told an HSI agent that Individual-1 had attempted to wire the $140,000 in two installments to the Account but the wires were rejected, which is consistent with electronic messages recovered by law enforcement from MARIN's phone.

i.   On or about January 28, 2019, the Company (which was owned by MARIN) received a wire transfer in the amount of $39,955.

j.   Also on or about January 28, 2019, MARIN sent an electronic message to Individual-1 stating, "My buddy, the 40k came in today."

       k.   On or about June 5, 2019, the Company received a wire transfer from an organization connected to Individual-1 that is affiliated with a foreign soccer team (the "Organization") in the amount of $90,000.

       l.   As detailed below, MARIN did not timely disclose that he recovered approximately $130,000 toward the money missing from Package-1, MARIN kept the money, and MARIN made false statements to HSI regarding his receipt of the money and his corresponding dealings with Individual-1.

### *The Defendant's False Statements During August 2020 Telephone Calls with HSI*

       6.   In or about August 2020, I participated in a series of telephone calls with ALEJANDRO JAVIER MARIN, the defendant, and representatives from the U.S. Attorney's Office.  Based on my participation in those calls, and my review of my contemporaneous notes, I know the following, in substance and in part:

       a.   During an August 6, 2020 telephone call, a representative from the U.S. Attorney's Office advised MARIN that it is a crime to lie to HSI agents.  MARIN responded that he understood.

       b.   During an August 18, 2020 telephone call, MARIN stated, in substance and in part, that Individual-1 never asked MARIN for permission to take money from the Packages.  MARIN further stated, in substance and in part, that Individual-1 agreed to wire approximately $140,000 as partial repayment for the money taken from Package-1; that the wire transfer was supposed to be paid on Individual-1's behalf by a company associated with a foreign soccer team; and that MARIN never received the wire transfer.

       c.   During an August 21, 2020 telephone call, MARIN reiterated, in substance and in part, that Individual-1 agreed to wire MARIN approximately $140,000 as partial repayment for the money taken from Package-1, but that Individual-1 never provided MARIN that money.  MARIN further stated, in substance and in part, that he never received any benefit from Individual-1 in connection with the money that was taken from Package-1.

### *The Defendant's False Statements to HSI During an August 27, 2020 Interview*

       7.   On or about August 27, 2020, I participated in an interview of ALEJANDRO JAVIER MARIN, the defendant, at an HSI

5

office in Manhattan, New York.  Based on my participation in that interview, and my review of a recording of the interview, I know the following, in substance and in part:

    a.  At the start of the interview, I reminded MARIN that it is a crime to lie to HSI agents.

    b.  During the interview, MARIN continued to indicate, as he did during the August 2020 calls described above, that he had not recovered from Individual-1 any of the money missing from Package-1.

    c.  MARIN further stated the following, in substance and in part:

        i.  MARIN never provided Individual-1 cash, and never created a package of cash for Individual-1; and

        ii.  Individual-1 never asked MARIN for permission to open Package-1 or take money from it.

### _The Defendant's August 28, 2020 Admission_

    8.  On or about August 28, 2020, I received a telephone call from ALEJANDRO JAVIER MARIN, the defendant.  Based on my participation in that call, and my review of a recording of that call, I know that MARIN stated, in substance and in part, that, after further consideration and consultation with his accountant, he now recalled that he had in fact received approximately $130,000 from Individual-1 as payment for the money that was missing from Package-1.  MARIN further stated, in substance and in part, that he had received approximately $130,000 from Individual-1 via two wire transfers to the Company in January and June 2019, and that at least a portion of the money was received from the Organization on behalf of Individual-1.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ALEJANDRO JAVIER MARIN, the defendant, and that he be imprisoned or bailed, as the case may be.

/s/ Timothy McCann
_____
TIMOTHY MCCANN
Special Agent
Homeland Security Investigations

Sworn to me through the
transmission of this Complaint
by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1,
this 4th day of September, 2020

_____
JAMES L. COTT
United States Magistrate Judge

7

**Trina Bynum-Stinson**

---

| | |
|---|---|
| **From:** | Christian Dunham <Christian_Dunham@fd.org> |
| **Sent:** | Thursday, September 24, 2020 9:24 AM |
| **To:** | Trina Bynum-Stinson |
| **Cc:** | Landon, Quinshawna (USAFLS); Houle, Amanda (USANYS) |
| **Subject:** | Alejandro Javier Marin (Reg # 21036-104) 20-3659-GOODMAN |

Good morning Trina,

I am emailing you about the above named defendant. Could you please forward this email to Judge Goodman this morning? I have cc'd both the SDFL duty AUSA and the SDNY AUSA who is prosecuting the case.

Your honor, we are requesting the court's assistance in the above styled cause. As you will remember from yesterday's court appearance, Mr. Marin was arrested on Saturday September 19, 2020 here in the Southern District of Florida. However, due to a possible COVID-19 diagnosis he has been placed into an isolation unit at FDC-Miami and has yet to appear for his initial appearance. We had scheduled a legal phone call with Mr. Marin for this morning at 8:30am. However, FDC-Miami did not execute the scheduled legal call. Accordingly, we are now on day five of the defendant being in custody with no contact with the court and no contact with a lawyer concerning his pending legal matters. We are requesting for the Court to assist us in scheduling a legal phone call with the above named client as soon as possible. Thank you for your kind assistance with this matter.

Christian Dunham
AFPD

# Exhibit C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 22, 2020

**REQUEST TO BE FILED UNDER SEAL**
**REQUEST TO FILE EX PARTE**

<u>E-mail</u>
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
New York, New York 10007

     Re:    <u>United States</u> v. <u>Tareck Zaidan El Aissami Maddah</u>, *et al.*,
             **No. 19 Cr. 144 (AKH)**

Dear Judge Hellerstein:

     The Government writes to provide further information regarding the arrest of the Confidential Source referenced in our sealed letter of earlier today, and in further support of our request that the Confidential Source's name not be used at tomorrow's telephone conference.

     The Confidential Source, whose name is Alejandro Javier Marin, was arrested in the Southern District of Florida on September 19, 2020. Upon being taken into custody, Marin tested positive for COVID-19 and has since been in quarantine. The Government has inquired of the U.S. Attorney's Office in the Southern District of Florida regarding the potential for a remote presentment. The Government understands that the presentment is currently scheduled for tomorrow but is expected to be further delayed.

     As the Government noted in its letter of earlier today, there has been no public acknowledgment that Marin is the Confidential Source in this case. The Complaint (attached again here for the Court's reference) does not make clear that Marin cooperated in this particular case. Moreover, as of this evening, defense counsel for Marin indicated that counsel is unsure whether Marin will seek to make a bail application given the risks of exposing the details of Marin's cooperation. Indeed, the Government anticipates that Marin may have safety concerns regarding disclosure of his cooperation in this case. The fugitive defendants in this case include senior Venezuelan officials Tarek El Aissami (the former Venezuelan Vice President and current Minister of Industry and National Production); Samark Lopez Bello (El Aissami's front-man); and Joselit Ramirez Camacho (the current Superintendent of Cryptocurrencies for Venezuela), who each have a significant incentive to ensure that Marin does not provide any further information against them. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮ And while El Aissami's conduct in the instant case relates to evasion of sanctions, he is

an infamous narcotics trafficker who has been described by the U.S. Treasury Department as facilitating ton-quantity shipments of narcotics, and having links to violent drug cartels around the world.[1]  Charges against other Venezuelan drug traffickers in this District—including alleged narco-terrorist Adel El Zabayar—further describe El Aissami's support for the terrorist organization Hizballah and El Aissami's efforts to recruit Hizballah members to train in Venezuela for the purpose of planning attacks against the United States.[2]  Accordingly, Marin may have legitimate safety concerns about his cooperation against El Aissami and El Aissami's associates being made public.

For all of these reasons, the Government requests that Marin's name not be used at the conference scheduled for tomorrow and that, instead, he be referred to as the "Confidential Source."

Given this letter's discussion of Marin's role as a Confidential Source, its discussion of his medical information, ███████████████████████████ the Government respectfully submits this letter under seal and *ex parte*.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:      /s/
      Samuel S. Adelsberg
      Amanda L. Houle
      Assistant United States Attorneys
      (212) 637-2492 / 2194

---

[1] *See* Treasury Sanctions Prominent Venezuelan Drug Trafficker Tareck El Aissami and His Primary Frontman Samark Lopez Bello, *available at* https://www.treasury.gov/press-center/press-releases/Pages/as0005.aspx (Feb. 13, 2017).

[2] Complaint, *United States v. Adel El Zabayar*, 20 Mag. 5469 (S.D.N.Y. 2020).



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 22, 2020

REQUEST TO BE FILED UNDER SEAL

E-mail
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
New York, New York 10007

Re:     **United States** v. **Tareck Zaidan El Aissami Maddah,** *et al.,*
          **No. 19 Cr. 144 (AKH)**

Dear Judge Hellerstein:

On September 19, 2020, the Confidential Source utilized in this case was arrested on charges of making false statements to Homeland Security Investigations ("HSI") agents in connection with this case. A copy of the Complaint is attached. While the Confidential Source was taken into custody on September 19 in the Southern District of Florida, he has not yet been presented on the charges in light of a medical issue. Accordingly, there has not been any public acknowledgment that the Confidential Source charged in the Complaint has any connection to this particular case. The Government does not yet know whether the initial appearance in the Southern District of Florida, or any subsequent appearance, will require the Government to identify the Confidential Source as being connected to this case, and it is possible that the Confidential Source will seek to keep that information non-public in light of potential safety concerns. ████████ ███████████████████████████████████████████████ In this regard, the Government notes that three of the charged defendants in this case remain at large in Venezuela, including Tarek El Aissami (the former Venezuelan Vice President and current Minister of Industry and National Production); Samark Lopez Bello (El Aissami's front-man); and Joselit Ramirez Camacho (the current Superintendent of Cryptocurrencies for Venezuela).

Accordingly, the Government respectfully requests that any discussion of the Confidential Source or his arrest at the upcoming conference for Michols Orsini Quintero not identify the Confidential Source by name. Because public disclosure of this letter would identify the Confidential Source in this case as the defendant charged in the attached Complaint, the Government respectfully submits this letter under seal.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: ___/s/_____
Samuel S. Adelsberg
Amanda L. Houle
Assistant United States Attorneys
(212) 637-2492 / 2194

Cc:     Sabrina Shroff, Esq. (counsel for Michols Orsini Quintero)
        (Via Email)



October 1, 2020

To Be Filed Under Seal Pursuant
<u>to Court Order of September 23, 2020</u>

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re: <u>United States v. Victor Mones Coro</u><br>19 Cr. 144 (AKH)

Dear Judge Hellerstein:

We write on behalf of Victor Mones Coro pursuant to the procedure the Court outlined at the September 23, 2020 status conference. The press reported last weekend a meaningful fact that the public presumptively has a right to know and that defendants in this case have the right to reference in vindicating their own rights: Alejandro Marin, the confidential source against defendants in this case, has been charged with lying to federal agents. Even if Mr. Marin were to raise a concern about his security—which to date he has not—continuing to seal the link between the two cases after the cat has been let out of the bag cannot protect him. The complaint the government chose to file publicly, moreover, has confirmed the identity of Mr. Marin as a confidential source in this case to the very individuals it has speculated may pose a threat to Mr. Marin. We respectfully submit that the government's letters and defense responses should be unsealed.[1]

Multiple media outlets, including the Washington Post and Spanish-language press, reported this past weekend that Mr. Marin had been charged in a complaint in the Southern District of Florida with making false statements to federal agents, and also that Marin had been providing information in this case against Tarek El Aissami and Samark Lopez Bello (two of the lead defendants). Examples of those accounts

---

[1] Specifically, these include two sealed letters submitted by the government on September 22 (one *ex parte*), one submitted by the government on September 23, and government updates submitted on September 28 and September 30, (collectively, the "Government Letters"), a letter submitted by Mr. Mones on September 25, 2020 (and this letter), and a letter submitted by Mr. Orsini on September 25, 2020.

with informal translations for the Spanish-language articles and Twitter post are attached hereto as Exhibit A.

In addition, the Government Letters to date are omitting to mention the critical fact that the complaint filed against Mr. Marin, which was filed publicly, revolves around and references a transporting of Crime Proceeds of nearly 1.3 million euro that Mr. Marin obtained *from and with the knowledge of Tarek El Aissami and Joselit Ramirez Camacho*. The government has speculated that Mr. Marin may claim that these same individuals pose a security risk to him. If they do, the complaint itself "confirms" to them that the media reports are true.

Given the information the government and the media have already made known, there has been no showing that sealing (or prohibiting public, in-court references to Mr. Marin's connection to this case) is "essential" to vindicating any interest that outweighs the public right of access to court records or defendants' due process rights.[2] As the media reports demonstrate, there is considerable public interest in the fact that the confidential source in this case—which the government itself has highly publicized as one involving a senior Venezuelan government official with links to the Maduro regime and their drug trafficking activities—has been charged with lying to federal agents and, by implication, stealing U.S. government funds.

Nor is there any countervailing interest. The government "anticipat[ed]" that Mr. Marin might claim a need to be protected, but that has not been borne out. Gov't Ex Parte Ltr. at 1 (Sept. 22, 2020). But to the extent Mr. Marin faces a security risk, that risk materialized with the publication of the attached articles and others like them. It is folly to think that anyone posing a threat to Mr. Marin would wait for the government to "confirm" the media reports before acting. And in any event the content of the complaint against Marin itself confirms to the only individuals the government has named as even potential security risks that Mr. Marin provided information against them.[3]

---

[2] *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988); *see also In re The Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984) (closure cannot be ordered absent "significant risk" to competing interest arising from public access, and absent consideration of less restrictive alternatives); *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995) (closure requires "specific findings" of "substantial probability" that access will prejudice interests such as rights of defense or ongoing investigation, and that "reasonable alternatives" to closure are not available) (quoting *Press-Enterprise v. Superior Court*, 478 U.S. 1, 14 (1986)).

[3] Our clients and their families have worked with Marin and his aviation company, My Jet Saver, in South Florida for many years, including before the period of the charged conspiracy. We believe that Mr. Marin is a long-time resident of the United States, █████████████████ ████████████████████████████████████████████████████████████████████ ██████████████ .

Much of the voluminous discovery the government has produced in the last four months has related to Mr. Marin.  The government charged Mr. Marin publicly, through a complaint bearing the names of the AUSAs on this case.  Further, while the government drafted the complaint to carefully avoid mentioning Venezuela or this case, the very transfer of Crime Proceeds described in that complaint is well known to the lead defendants in this case.  If the government had concerns about Mr. Marin's safety, it cannot reasonably have relied on protecting him by filing the complaint it did, with the content it did.

Because there is no valid interest furthered by sealing, we respectfully request that the Government Letters and responding defense letters be unsealed.  In our view, the only material that need be redacted from the Government Letters and the defense letters submitted to date is information the government and defense counsel has provided to the Court about ███████████████ . We have annexed as Exhibit B the only correspondence to date (including this letter) that in our view should be redacted, showing the proposed redactions in highlighting.[4]

We also continue to request that the Government Letters and the responding defense letters be docketed when received, noting "sealed" submissions and accompanied by docketed, sealed findings where appropriate, and until unsealing is ordered.

We understand that from the Government Letters that the government may agree to unsealing after Monday's bail hearing for Mr. Marin, but we wished to set forth our position that the hearing is irrelevant to the question of sealing before Monday.

---

[4] The docket sheet in the Southern District of Florida, and publicly filed documents there, have referenced Mr. Marin's claims to be suffering from COVID-19, and thus his medical condition has already become public.  *See* Exhibit C.

Respectfully submitted,


Christine H. Chung
CHRISTINE H. CHUNG, PLLC
14 Murray Street, #236
New York, New York 10007
Telephone: 917-685-0423
christine@thechunglawoffice.com

Faith E. Gay
Jordan L. Weatherwax
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212-390-9000
fgay@selendygay.com
jweatherwax@selendygay.com


cc:     AUSA Amanda L. Houle
        AUSA Samuel Adelsberg
        Sabrina Schroff, Esq.