# Exhibit B

# Discovery Letter Dated May 11, 2020



Christine H. Chung, PLLC

May 11, 2020

<u>By Email</u>

Amanda L. Houle
Samuel Adelsberg
U.S. Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY  10007

                Re:  <u>United States v. Victor Mones Coro</u>
                      19 Cr. 144 (AKH)

Dear Amanda, Sam:

      Thank you again for the call last Thursday.  As discussed, here is the memorialization of our request for discovery and for clarification regarding previously produced discovery.

      Prior oral or written statements of Mr. Mones relating to the offense conduct should have been previously produced under Fed. R. Crim. P. 16(a)(1)(A) & (B), per your Office's practice and our request dated April 10, 2019.  We request that the government produce any memorializations of such statements made or retained by



Emil  previously represented that he had contacted

Amanda L. Houle
Samuel Adelsberg                                                                                               May 11, 2020

███████████████████████████████████

      This also confirms that Amanda previously represented that there are no government memorializations of Mr. Mones' statements to DHS agents, on or about June 22, 2018, when agents stopped and questioned him in Fort Lauderdale.

      We have been unable to locate in the voluminous discovery more than a couple of dozen messages (from WhatsApp, WeChat or any other application) produced from any phone or device of Alejandro Javier Marin, dating from before November 2018 and relating to the offense of conviction.  This is despite the facts that:  (1) Mr. Marin was serving as a source for the government throughout the charged conspiracy; and (2) the government produced hundreds or thousands of messages sent by Marin to Mr. Mones and Mr. Leon before November 2018 from phones and devices of *other* custodians.  There are entire chains produced from Mr. Mones' phone that are absent from Mr. Marin's custodial production.  If Mr. Marin possessed message chains or messages relevant to the charged conspiracy that have not been produced, please either produce them or explain why they cannot be produced.

      We also have been unable to locate any emails produced from any email box of Mr. Marin or his company, My Jet Saver.  If the government has no emails of Mr. Marin relating to the offense conduct, please inform us of the reason.

      Sam confirmed on our call that the reason the image of Mr. Leon's phone did not contain text chains with Mr. Mones or others relevant to the arranging of flights is that Mr. Leon deleted those chains before his arrest.

      Please confirm that the government did not obtain the content of Mr. Leon's emails: (1) from Google, Inc., Apple, Inc., Microsoft, Inc.., and Comcast Corp., despite Mr. Leon having had email accounts hosted by those companies; (2) whichever company hosted SVMI Solution's address (info@svmis.com); or (3) any other company that hosted an email address used by Mr. Leon in furtherance of the charged conspiracy.  From our review of the government's production, it seems that any emails obtained from Mr. Leon's custody in that production were produced from imaging a laptop obtained from Mr. Leon after his arrest.  Please confirm that this is accurate.

      Finally, in an email dated April 9, 2020, Amanda represented that none of the sealed material on the dockets relating to Mr. Mones and his co-defendants bears upon Mr. Mones' sentencing.  It is our view that materials on Mr. Mones' docket (and in this case the dockets of any defendant whose names are referenced in connection with Mr. Mones' sentencing) are presumptively relevant to his case.  If the reasons for sealing have become obsolete, we would expect the currently sealed materials to be unsealed.  Also, the reasons for sealing themselves have never been made public,

Amanda L. Houle
Samuel Adelsberg                                                                                               May 11, 2020

a practice the Second Circuit has disapproved. If the reasons for sealing the reasons themselves have become obsolete, those reasons should be unsealed.

We again express our appreciation for having had a chance to discuss the facts that may remain in dispute about the scope of Mr. Mones' conduct, acts that Mr. Leon and Mr. Marin concealed from Mr. Mones, the extent of Mr. Mones' knowledge of the reasons for the flights sought by Samark Lopez Bello and Tareck El Aissami, and ███████████████████████████████████████

Respectfully,

Christine H. Chung
CHRISTINE H. CHUNG, PLLC
14 Murray Street, #236
New York, New York 10007
Telephone: 917-685-0423
christine@thechunglawoffice.com

Faith E. Gay
Katie Renzler
Jordan L. Weatherwax
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212-390-9000
fgay@selendygay.com
krenzler@selendygay.com
jweatherwax@selendygay.com

# Discovery Letter Dated July 2, 2020



Christine H. Chung, PLLC

July 2, 2020

<u>By Email</u>

Amanda L. Houle, AUSA
Samuel Adelsberg, AUSA
U.S. Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

        Re: <u>United States v. Victor Mones Coro</u>
            19 Cr. 144 (AKH)

Dear Amanda and Sam:

    This letter relates to our letter request for discovery, dated May 11, 2020, and in particular memorializes that in our telephone call of June 24, 2020, we discussed *Brady/Giglio* obligations at sentencing.

    Under the Supreme Court holding in *Brady* v. *Maryland,* 373 U.S. 83 (1963), prosecutors have a duty to disclose any information that is favorable to the defense and material either to guilt or punishment. *Id.* at 88. Information favorable to the defense includes evidence which "would tend to exculpate [the defendant] or reduce the penalty," *see id.* at 87, and evidence regarding the reliability or credibility of a witness, *see Giglio v. United States,* 405 U.S. 150, 154-55 (1972). In order to satisfy the disclosure obligation, prosecutors have a "duty to learn" of information favorable to the defense known to others "acting on the government's behalf in the case." *Kyles v. Whitley,* 514 U.S. 419, 437 (1995).

    The U.S. Attorney's Manual also states the prosecutor's obligation to disclose "exculpatory and impeachment information that casts doubt upon proof of an aggravating factor," and specifies that such information "must be disclosed no later than the court's initial presentence investigation." USAM, 9-5.001(D)(3).

    We have been engaged in discussions for the last several months about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which in our view rebut any argument that Mr. Mones has ongoing or even historical allegiance to either the Venezuelan government or individuals that you have called "powerful individuals abroad" and "prominent members of the inner circle of Nicolas Maduro." Dkt. 71. We have also informed you of our strong disagreement with the Court's statement in its short March 27, 2020 Order that our client has a

Amanda L. Houle
Samuel Adelsberg                                                             July 2, 2020

"history of participating in illegal transfers of money," Dkt. 73. In a subsequent bail Order, Dkt. 76, the Court noted that it was not bound by the Sentencing Guidelines.

Our discussions have also encompassed and relate to Mr. Mones' role in the charged conspiracy.

We have appreciated our discussions to date and also appreciate that the government is planning to supplement discovery and continue to await that production. For clarity's sake, given the record of the case and as a supplement to our prior discussions, the supplementation in our view should include:

- information establishing the extent and duration [REDACTED]
- information tending to prove Mr. Mones' antipathy or dislike of the Venezuelan government, its policies, or any of that government's representatives or any of his co-defendants;
- information tending to prove that Mr. Mones has not had a "history of participating in illegal transfers of money";
- information that any government witness or potential government witness lied about or misrepresented Mr. Mones' role or involvement in illegal transfers of money;
- information that any government or potential government witness lied about or misrepresented the extent of Mr. Mones' role or involvement in the conspiracy to which he has pled guilty;
- information that the government has informed any witness or potential witness who has provided information about Mr. Mones that he or she has failed to be truthful, or concluded that he or she has failed to be truthful; and
- information tending to undermine the reliability or credibility of any potential witness at sentencing or any source that has furnished information on which the government has relied in taking positions at bail or relating to sentencing.

Although the sentencing has been delayed several times, it is our priority that we receive any discovery falling within the government's obligations, in sufficient time that we can effectively make use of the information.

Thank you in advance.

Amanda L. Houle
Samuel Adelsberg                                                                                               July 2, 2020

Sincerely,

 

*[signature]*                                                              *[signature]*

Christine H. Chung                                               Faith E. Gay
CHRISTINE H. CHUNG, PLLC                          Jordan L. Weatherwax
14 Murray Street, #236                                       SELENDY & GAY PLLC
New York, New York 10007                              1290 Avenue of the Americas
Telephone: 917-685-0423                                  New York, New York 10104
christine@thechunglawoffice.com                  Telephone: 212-390-9000
                                                                               fgay@selendygay.com
                                                                               jweatherwax@selendygay.com