# Exhibit F

| | |
|---|---|
| **From:** | Houle, Amanda (USANYS) |
| **To:** | Christine Chung; Adelsberg, Samuel (USANYS) |
| **Cc:** | Jordan Weatherwax |
| **Subject:** | RE: US v. Mones - Recent Discovery |
| **Date:** | Monday, September 14, 2020 8:53:13 PM |

Thank you, Chris.  As a general matter in response to your questions, we have not identified chat chains in the production relevant to the conspiracy outside of what was previously produced.  While it is possible we may rely on materials included in this production that were also previously produced, we do not intend to rely on anything that was unique to this production.  That could change if there is a Fatico hearing (though we don't anticipate one based on our recent discussions).

Once we have the reports from HSI, we will produce them.  We hope to have them by the end of this week.  We don't have any other material to produce at this time.

Please let us know your availability on Thursday and Friday for a call.

Thank you,
Amanda


**From:** Christine Chung <christine@thechunglawoffice.com>
**Sent:** Sunday, September 13, 2020 7:03 PM
**To:** Houle, Amanda (USANYS) <AHoule@usa.doj.gov>; Adelsberg, Samuel (USANYS) <SAdelsberg@usa.doj.gov>
**Cc:** Jordan Weatherwax <jweatherwax@selendygay.com>
**Subject:** US v. Mones - Recent Discovery

Amanda, Sam—

Hope you two are having a good weekend.

We spent last week reviewing the September 4 and September 8 productions - together nearly 500 gigabytes, in a form significantly less user-friendly than in prior productions.

We can understand that your priority may have been to get it into our hands, given how late this is coming. To make sure we understand the production and to cut down on the hunting within the voluminous data and hundreds of chat chains, we'd appreciate knowing the following:

1. You had previously said that this production would be comprised of complete

extractions of Marin's phones.  This may be a terminological issue, but can you confirm (1) that we now have ALL material on Marin's iPhones 7 and X from each time each was imaged; and (2) that none of his phones or computers were imaged before October 2018?

2. For the October 2018 image of Marin's iPhone 7 Plus, you produced both the image and extractions, but you did not produce extractions for the other two images.  Can you provide complete extractions for all phone images including attachments to all extracted chats?

3. Reviewing the October 2018 iPhone 7 Plus and the iPhone X images is extremely slow for reasons including lengthy program load times, software freezes, and long load times for both loading and navigating search results.  Can you check whether you encounter the same problem on your end because it may be that the problem could be fixed with different images.

4. In this production the hundreds of chat files extracted from the iPhone 7 Plus October 2018 image were labelled differently than in prior productions.  We have to open the chat chains and look at contact names and phone numbers to see whose chats have been produced.  Are you able to let us know which defendants and non-defendants relevant to the conspiracy have chat chains in this production and what the phone numbers are of each?

5. You had said previously that this production would supplement chats between Marin and defendants, which in your view had been previously produced.  We have found, however, there is at least one chat between Marin and a defendant (specifically, Leon) in this production that was not previously produced, which we attach.  Please identify any other chats among the defendants that are being produced for the first time and let us know the reason that these chats were not previously correctly identified.

6. The WeChats in the images taken in 2019 of the iPhones include messages sent and received before October 2018, but there are no WeChats in the October 2018 image.  Why is this so?  In your July 22, 2020 letter, you did not note any technical difficulties with that image, even though you noted them for the iPhone X image.

7. The WeChat chains from the iPhone 7 Plus July 2019 image have been produced in a way that makes it impossible to tell which individual sent which message.  Can you provide the chains from that image as you had in the past, so that the messages can be correlated to senders?

8. Was the production of Marin's emails in the subfolder labeled "Outlook" within the "Files Extracted from CS Computer" folder limited in any way (through search terms or date parameters, for example). From which computer were the files in the "Files Extracted from CS Computer" folder extracted and did Marin have any other computer or device from which files could be extracted? When was the "CS computer" imaged?

9. If there is information within this production on which the government intends to rely at sentencing we would appreciate being pointed to it, by file name or any other logical means.

Please let us know responses as you are able to answer. We'd like to move all of this along because we are about ready to file our opening sentencing submission.

If there is other discovery you are planning to produce, please also let us know that ETA. We are expecting the DHS reports referenced in your September 8 letter and we are also waiting on the dating of that three-hour recording that we identified to you weeks ago.

It seems from your September 4 email that we may be set with the terms on the bulk cash transfer issue, but let us know if not. And could we schedule a call in the next few days to discuss the above issues and Marin, to make doubly sure we are on same page, per my prior email.

Best,

Chris


Christine H. Chung
(917) 685-0423 (cell)