

**ASSOCIATED PRESS**

Leave to intervene is granted.  This letter will be accepted as petitioner's motion.

So ordered,
/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
4/6/21

Brian Barrett
Assistant General Counsel

200 Liberty Street
New York, New York 10128
T 212.621.7547

www.ap.org

April 5, 2021

VIA EMAIL TO CHAMBERS

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:     United States v. Victor Mones Coro, No. 19-cr-144

Dear Judge Hellerstein,

I write on behalf of The Associated Press[1] and AP reporter Joshua Goodman to request permission to intervene in this matter in support of the applications to unseal submitted by Inner City Press (Dkt. No. 199) and Defendant Victor Mones Coro ("Mones") (Dkt. No 201).

The prosecution of Mones is of significant public interest due to its implications on U.S. foreign policy toward Venezuela.  The case is one of the most prominent to date brought by U.S. prosecutors involving individuals associated with Venezuelan President Nicolas Maduro, who are accused in multiple U.S. federal courts of corruption, drug trafficking and embezzling funds from the state-run oil giant PDVSA.  Mones, based in Miami, pled guilty to charges of facilitating the breaking of U.S. sanctions by two high-level allies of Maduro.

The case against Mones had several complications.  It was reportedly in jeopardy last year when it was disclosed that a key government informant and witness against Mones had been jailed for making false statements to U.S. federal agents.  The case also involved claims that prosecutors violated obligations to timely disclose *Brady* and *Giglio* materials, see Dkt. No. 122, which we understand led Mones to withdraw his initial guilty plea last year. (Dkt. No. 134).  The disclosure-related allegations are particularly noteworthy given the recent dismissal of charges in another Venezuela-related sanctions prosecution, *U.S.* v. *Sadr*, No. 18-cr-224 (Nathan, J.), in which charges were dropped upon disclosure of *Brady* violations by the same prosecutorial unit within the U.S. Attorney's Office that handled this case.

---

[1] The Associated Press ("AP") is a news cooperative organized under the Not-for-Profit Corporation Law of New York.  Its members and subscribers include the nation's newspapers, magazines, broadcasters, cable news services and Internet content providers.  The AP has no parent company or equity stock, and it has no financial interest in the outcome of this litigation.

1

Also of great public interest is a statement made by defense counsel, Christine Chung, during the Court's sentencing hearing on March 17, 2021.  During the hearing, Ms. Chung argued for leniency on grounds that her client previously provided assistance to the U.S. government.

The AP hereby urges the Court to grant the motions to unseal, particularly with respect to the redacted documents identified in the letter submitted by Ms. Chung (See Dkt. No. 201, Chung Letter at 1, n.1).  We also seek unsealing of any redacted portions of the transcript from the March 17, 2021, sentencing hearing, relating to Mones's apparent prior cooperation with U.S. authorities.

The AP's Right to Intervene

The AP seeks to uphold the constitutional and common law rights of public access to judicial proceedings and documents.  The Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the right of access. *See, e.g.*, *United States* v. *King*, 140 F.3d 76, 78 (2d Cir. 1998); *see also United States* v. *Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding "a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper").

The Right of Access to Judicial Documents and Proceedings

The First Amendment provides a qualified right of public access to court proceedings and records.  *See, e.g., Richmond Newspapers* v. *Virginia*, 448 U.S. 555, 571 (1980) (public right of access to criminal trials); *Press-Enterprise Co.* v. *Superior Court* ("*Press-Enterprise I*"), 464 U.S. 501, 505–08 (1984) (voir dire); *United States* v. *Alcantara*, 396 F.3d 189, 197 (2d Cir. 2007) (sentencing proceedings).  The right is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'"  *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 604 (1982) (citation omitted). "Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."  *Press-Enterprise I*, 464 U.S. at 508.

Under the First Amendment, "judicial documents" may not be sealed "unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-Enterprise Co.* v. *Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1, 13–14 (1986); *see also In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

The common law also provides a qualified right of public access to inspect and copy judicial records in a criminal trial.  *Nixon* v. *Warner Commc'ns*, 435 U.S. 589, 597–98 (1978).  The right is based on the need for federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice."  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted).  Courts apply a three-step analysis: (i) whether the document is a "judicial document"—*i.e.*, whether it is "relevant to the performance of the judicial function and useful in the judicial process"; (ii) the weight of the presumption to

be applied; and (iii) a balancing of competing interests against the presumption of access. *Id.* at 119–20.

Nothing in the record indicates the government has made the high showing required to seal the records at issue. Even if one had been offered, however, it is difficult to believe sealing would be narrowly tailored or effective to protect that interest, as details of the discovery disclosure issues, as well as the fact of Mones's apparent cooperation, are already publicly known.

Moreover, any balancing of competing considerations should land squarely on the side of public disclosure. There is immense public interest in the government's prosecution of Mones for its impact on U.S. foreign policy interests alone. That interest is only heightened by the serious procedural and substantive issues at play in the case, including the allegations of discovery violations against government prosecutors and false statement charges against a government witness, each of which could have imperiled yet another prosecution relating to Venezuelan sanctions. The public has an interest in monitoring and better understanding how its government is enforcing Venezuelan sanctions, including to what extent the government is relying upon those accused of making false statements and/or breaking sanctions to assist in its enforcement efforts.

Of course, that does not necessarily mean that all the documents must be unsealed, particularly, in this case, with respect to matters that truly implicate personal safety or national security concerns. But the First Amendment and common law establish a demanding threshold for sealing documents in a criminal trial, and, respectfully, we believe the requests to seal fall short in this case.

The AP respectfully requests that the documents be unsealed immediately. To the extent the Court determines that sealing of certain records is appropriate, however, we request that an order be issued articulating the Court's findings.

Thank you for your consideration of this matter.

Sincerely,


/s/ Brian Barrett