

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2021

**BY ECF and EMAIL**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

      Re:    **United States v. Mones Coro**
               **19 Cr. 144 (AKH)**

Dear Judge Hellerstein:

      The U.S. Attorney's Office for the Southern District of New York (the "Office") respectfully submits this letter pursuant to the Court's order to address two requests from members of the media to unseal records pertaining to the defendant's prior contact with the U.S. government. For the reasons discussed below, the Office opposes the requests to unseal and asks that the current sealing orders remain in place.

**I.  Background**

      On March 17, 2021, the Court sentenced the above-captioned defendant. (Dkt. No. 190). At several stages during the case, and, in particular, in advance of and following sentencing, the parties filed sealed or redacted submissions discussing details relating to the defendant's prior contact with the U.S. government. (*See, e.g.*, Dkt. Nos. 143, 198, 200). At the sentencing itself, the Court granted ███████████████████████████████████████████████████ ███████████████████████████████████████████. Following sentencing, on March 19, 2021, the Court ████████████████████████████████████████████████ ██████████████████████. After defense counsel filed a letter (*see* Dkt. No. 198) ██████████████ the Court held a conference on March 24, 2021 to hear argument on the matter. During the conference, the Court █████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████



On March 31, 2021, counsel for the defendant filed a notice on the docket regarding two previously filed sealed submissions. (Dkt. No. 194). In what appears to have been a coordinated effort, on the same day, Matthew Russel Lee of the Inner City Press contacted the Court by email (the "ICP Request") and requested the unsealing of several sealed documents, including the documents referenced in defense counsel's letter. (Dkt. No. 197). On April 2, 2021, defense counsel joined the ICP request. (Dkt. No. 201). In a letter dated April 5, 2021, Brian Barrett of the Associated Press also contacted the Court by email (the "AP Request"), seeking to intervene and to unseal documents pertaining to the defendant's prior contact with the U.S. government, including the redacted portions of the sentencing transcript. (*Id.*).

## II. Applicable Law

### A.  The Common Law Right of Access

The Supreme Court has recognized a common law right of public access to judicial documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). The common law right of access attaches with different weight depending on two factors: (a) "the role of the material at issue in the exercise of Article III judicial power" and (b) "the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* "The detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power, and the public has a legitimate interest in monitoring a court's use of that power." *United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001) (citing *In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984) and *United States v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983)).

After determining the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring restrictions on access. "[T]he fact that a document is a judicial record does not mean that access to it cannot be restricted." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 146 (2d Cir. 1995). Noting that it is difficult to "identify

all the factors to be weighed in determining whether access is appropriate," the Supreme Court has further observed that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The Second Circuit has recognized certain categories of countervailing factors to be balanced against the presumption of access, including: (i) the danger of impairing law enforcement or judicial efficiency and (ii) the need to protect privacy interests. *Amodeo I*, 44 F.3d at 147. The Circuit has identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed:

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*Id.* (citing *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 1988)).

The Second Circuit has instructed that "[i]n determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. The Circuit has also made clear that "[t]he nature and degree of injury must [] be weighed." *Id.*

### B. The First Amendment Right of Access

The First Amendment presumptive right of access applies to civil and criminal proceedings and "protects the public against the government's arbitrary interference with access to important information." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.* ("*NYCTA*"), 684 F.3d 286, 298 (2d Cir. 2012) (internal quotation marks omitted). The Circuit has applied two different approaches when deciding whether the First Amendment right applies to particular material. The "experience-and-logic" approach asks "both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted). The second approach—employed when analyzing judicial documents related to judicial proceedings covered by the First Amendment right—asks whether the documents at issue "are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks and alteration omitted).

Even when it applies, however, the First Amendment right creates only a presumptive right of access. "What offends the First Amendment is the attempt to [exclude the public] without sufficient justification," *NYCTA*, 684 F.3d at 296, not the simple act of exclusion itself. Thus, the presumptive right of access may be overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values" and where the "sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

### C. Redactions to Documents Subject to Right of Access

Finally, in any case in which some sealing of a judicial document is appropriate, the Second Circuit has directed that the court must determine whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." *Amodeo II*, 71 F.3d at 1053; *see also In re Newsday, Inc.*, 895 F.2d at 80 (noting that "a district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all, but such drastic restrictions on the common law right of access are not always appropriate."). Where redactions are necessary to protect the interests described above, the Second Circuit has considered whether the portions of the document that remain intact are intelligible and informative, or are more likely to be confusing and misleading. *Amodeo II*, 71 F.3d at 1053. Where partial redaction is not a viable option, the Circuit has indicated that the entire document may remain under seal. *Id.*

### III. Discussion

The Office respectfully submits that, for the reasons already articulated by the Court, and because of the strong governmental interests militating against unsealing, the ICP and AP Requests should be denied.

"[T]ransparency must at times yield to more compelling interests. 'It is obvious and unarguable that no governmental interest is more compelling than the security of the Nation.'" *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (quoting *Haig v. Agee*, 453 U.S. 280, 307 (1981)). The sealed and redacted materials at issue concern highly sensitive information, and some of the underlying information referenced in those submissions is classified. If made public, those materials could permit readers to draw inferences that could lead to the unauthorized disclosure of classified information. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

While there is no question in this litigation that the media's unsealing applications are brought in good faith and for a valid purpose, media personnel would not be the only ones with access to the sensitive materials if the Court grants the application. Our country's adversaries would also have access, and disclosures could enhance risks U.S. government personnel already face. Because each of the above considerations could cause serious prejudice to the U.S. government, this Office has endeavored never to discuss or refer to these issues in open court or in an unredacted submission. The Office initially provided defense counsel with certain information on the mutual understanding that references to this information would be redacted in all subsequent submissions. Defense counsel indicated no objection at the time and redacted or sealed references to this issue throughout the case.

The Court's narrowly tailored sealing orders to date have been fully justified—indeed, necessitated—by these considerations and should not be disturbed. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████████████████████; see *United States v. Doe*, 629 F. App'x 69, 73 (2d Cir. 2015) ("The district court properly determined that sealing was required in order to serve the Government's compelling interest in promoting safety and ongoing national security investigations."); *United States v. Moussaoui*, 65 F. App'x 881, 887 (4th Cir. 2003) ("At the outset, we note that there can be no doubt that the Government's interest in protecting the security of classified information is a compelling one."); *Kewazinga Corp. v. Microsoft*, No. 18 Civ. 4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Higher values that may justify the sealing of documents include national security concerns . . . ."); *United States v. Sater*, No. 98 Cr. 1101 (ILG), 2019 WL 3288389, at *5 (E.D.N.Y. July 22, 2019) ("[W]hen sealing or its continuation is sought by the United States for reasons grounded in the needs of law enforcement and national security, the Court is generally in no position to second-guess its representation that prejudice will ensue and must rely on the assumption that the Government—and especially the Government—is acutely aware and respectful of the people's constitutional right of access to judicial documents."). Nearly all of the documents referenced in the ICP and AP Requests contain only limited and narrowly tailored redactions (*see e.g.*, Dkt. No. 200), and those that are sealed in their entirety focus almost exclusively on the defendant's prior contact with the U.S. government (*see, e.g.*, Dkt. Nos. 196, 198). In relation to this latter category, because these materials consist overwhelmingly of information that is appropriately redacted, the remaining unredacted portions provide little benefit from disclosure. The Office respectfully submits that the Court has the discretion to maintain those records under seal in their entirety, and should do so, pursuant to the rulings the Court already made.

Page 6

### IV. Conclusion

      Accordingly, the Office respectfully requests that the Court deny the requests to unseal and unredact records pertaining to the defendant's prior contact with the U.S. government.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                  United States Attorney

                        by: _____
                                  Sam Adelsberg
                                  Amanda Houle
                                  Assistant United States Attorneys
                                  (212) 637-2494 / 2194

Cc:    Defense Counsel
        (Via ECF)

        Matthew Russell Lee
        (Via Email)

        Brian Barrett
        (Via Email)